JULIA E. MARCUS & another *vs.* COUNTY COMMISSIONERS OF NORFOLK. March 30, 1962. Order sustaining demurrer affirmed. Judgment for the respondents. The petitioners appealed from an order sustaining a demurrer to a petition for a writ of mandamus. The petitioners, residents of the town of Sharon, sought to compel the respondents, as commissioners of the county of Norfolk, to complete construction of a public way in Sharon. The petition alleges that the respondents "by return and order of [t]aking, dated July 17, 1956, did relocate Bay Road" and ordered the town to "relocate, build and construct said highway on or before July 17, 1961," and that the town "has failed to construct said highway within the time prescribed" and "it is now the duty of the . . . [c]ounty [c]ommissioners to complete said highway." The petitioners contend that by virtue of G. L. (Ter. Ed.) c. 82, § 8, the commissioners have "no discretion left to them." In support of this contention the petitioners rely on the cases of *Richards* v. *County Commrs. of Bristol,* 120 Mass. 401, and *Metcalf* v. *Mayor & City Council of Boston,* 158 Mass. 284. These cases were decided under statutes materially different than those now in force. See G. L. (Ter. Ed.) c. 82, §§ 8, 14. Under the provisions of these sections if, after a highway has been laid out by the commissioners, the town whose duty it is to make such highway does not complete the same within the

time specified, the commissioners "may forthwith cause such highway to be completed." The respondents "may" complete the construction of the highway but are under no legal duty to do so. It rests within their discretion. *Wojnar* v. *County of Worcester,* 261 Mass. 99, 102. There was no error in sustaining the demurrer.

*Harry A. Marcus* for the petitioners.

*Allen Lawson* for the respondents.