WILLIAM J. CORCORAN & others[1] vs. PLANNING BOARD OF SUDBURY.
No. 87-1348. November 21, 1988. Further appellate review granted, 404
Mass. 1102 (1989). *Subdivision Control*, Approval not required, Frontage
on public way, Access ways.

The planning board of Sudbury (the town) appeals from a judgment
pursuant to a decision of the Land Court dated September 25, 1987. The
judge ruled that the owners are entitled to an endorsement "approval under
the subdivision control law not required" (hereafter an "ANR" endorsement)
upon a plan showing a parcel of land (the locus) which the owners propose
to separate into six numbered lots. Each such lot has the actual frontage
on Powder Mill Road, a public way, for the distance required by the town
zoning by-law. Each lot, however, also contains wetlands (see G. L. c. 131,
§ 40). The plan submitted for endorsement and a sketch of the locus (showing
wetland areas) indicate that access to buildable areas in the rear part of each
proposed lot can be afforded by what appears on the maps to show an
adequate twenty-five-foot-wide common driveway, not crossing any wetland
area, but traversing dry parts of lots 1, 2, 3, and 4 and joining Powder Mill
Road only on lot 1.[2]

The judge found that regulations of the town's board of health permit
the construction of one house and its leaching system between Powder Mill
Road and its wetlands on each of three of the six proposed lots (Lots 4, 5,
and 6). The space between the public way and wetland areas for each of
the other three lots (Lots 1, 2, and 3) would be adequate for the construction
of a house between the public way and the wetland area on each such lot but
not for the necessary leaching system to be attached to that house. The plan
and sketch in the record show substantial buildable areas between wetland
areas and the rear of each of the six lots. It does not appear to be disputed
that this space on each lot would be sufficient for a house and its septic system.

The judge decided that the plaintiffs were entitled to an "ANR" endorse-
ment under G. L. 41, § 81L (as amended through St. 1979, c. 534), and
§ 81P (as amended by St. 1987, c. 122), "forthwith without a public
hearing." For her conclusion, she relied upon broad language in *Fox* v.
*Planning Bd. of Milton*, 24 Mass. App. Ct. 572 (1987). That decision
(which apparently did not deal with any nonbuildable area) said (at 574-575,
footnote omitted), "The proposed common driveway is not relevant to
determining whether . . . [the submitted] plan shows a subdivision. If all
the lots have the requisite frontage on a public way, and the availability of
access implied by that frontage is not shown to be *illusory in fact, it is of
no concern to a planning board that the developer may propose a common
driveway, rather than individual driveways,* perhaps for aesthetic reasons
or reasons of cost. The Subdivision Control Law is concerned with access

---

[1] William J. Corcoran, trustee of Erin Realty Trust, and Douglas McCone.

[2] The Land Court judge took a view of the locus. The case was submitted on the
basis of the agreed admission in evidence of various exhibits and a stipulation of
facts. No testimony, except for a deposition, was included in the record.

to the lot, not to the house; there is nothing in it that prevents owners from choosing, if they are so inclined, to build their houses far from the road, with no provision for vehicular access, so long as their lots have the frontage that makes such access possible." (Emphasis supplied.) The *Fox* decision (24 Mass. App. Ct. at 573) distinguished cases where no "serviceable access" was provided "from the buildable portion of the [proposed] lot[s] to the public way," such as *Gifford* v. *Planning Bd. of Nantucket*, 376 Mass. 801, 807-809 (1978). There the owner sought approval of a very complicated plan (shown at 810), which the Supreme Judicial Court disapproved for reasons fully stated in the opinion.[3]

The *Fox* decision (24 Mass. App. Ct. at 573-574) dealt with a situation where *in fact* there could be direct access by vehicles from a public motor parkway to all buildable parts of each lot shown on the plan there submitted. That access could have been accomplished by a separate driveway crossing the frontage line of each proposed separate lot without encountering any major obstacles to any buildable area within that lot. The *Fox* opinion (as quoted above) recognized that a common driveway was permissible (and likely to be adopted). Here for three lots (Lots 1, 2, and 3), a driveway crossing the frontage line of each such lot would give direct access to a significant solid area of land in that lot (immediately adjacent to Powder Mill Road) but would not give direct access through that lot to the substantial buildable area in the rear of that lot. The indicated twenty-five-foot-wide common driveway, however, if constructed, as a practical matter probably would provide access.

No common driveway of the type proposed for the locus and no application under G. L. c. 131, § 40, for permission to cross any wetland area on the locus has been approved by any State or local public board or official with authority to give such approval. In the *Fox* case, the access of the lot owners to buildable areas did not depend upon any proposed common driveway. Here, however, for three of the lots proposed, no direct access across the public way frontages of the lots to the main buildable part of those lots, respectively, is now possible in the absence of appropriate official approval. We thus treat the present proposal as a "subdivision" within the meaning of G. L. c. 41, § 81P, as amended.

It seems likely that the owners of the locus can obtain planning board approval of what on this record appears to be a reasonable proposal for development of six fairly large rural lots. We cannot predict, of course, what problems may be raised by that board and other boards and officials.

---

[3] To be read with the *Gifford* case is *Hrenchuk* v. *Planning Bd. of Walpole*, 8 Mass. App. Ct. 949 (1979). Compare *Gallitano* v. *Board of Survey & Planning of Waltham*, 10 Mass. App. Ct. 269, 272-274 (1980); *Smalley* v. *Planning Bd. of Harwich*, 10 Mass. App. Ct. 599, 601-605 (1980); *Hutchinson* v. *Planning Bd. of Hingham*, 23 Mass. App. Ct. 416, 419-421 (1987), where the pertinent authorities were reviewed.

The judgment of the Land Court is reversed. Judgment is to be entered for the defendant. No party is to have costs of this appeal.

*So ordered.*

*Paul L. Kenny*, Town Counsel (*David J. Doneski*, Assistant Town Counsel, with him) for the defendants.

*Wayne H. Scott* (*Edward A. Cunningham* with him) for the plaintiffs.