WILLIAM J. CORCORAN, trustee,[1] & another[2] vs. PLANNING
BOARD OF SUDBURY.

Suffolk. September 14, 1989. - December 13, 1989.

Present: WILKINS, ABRAMS, LYNCH, & O'CONNOR, JJ.

*Subdivision Control*, Approval not required, Frontage on a public way, Access ways. *Way*, Public: subdivision control.

Where each lot in a proposed division of a parcel of land had sufficient frontage on a public way to meet the frontage requirements of the local zoning by-law and where there were no physical impediments affecting access from the road to each lot, the owners were entitled to have the plan of the parcel endorsed "approval under the subdivision control law not required," under the provisions of G. L. c. 41, §§ 81L and 81P, notwithstanding the circumstance that, to obtain practical access to building sites at the rear of several of the lots, the owners would need regulatory approval for alteration of a wetland. [250-252]

CIVIL ACTION commenced in the Land Court Department on October 4, 1985.

The case was heard by *Marilyn M. Sullivan*, J.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*Paul L. Kenny*, Town Counsel (*David J. Doneski*, Assistant Town Counsel, with him) for the defendant.

*Wayne H. Scott* (*Edward A. Cunningham* with him) for the plaintiffs.

*Melinda M. Berman*, for John Sweeney, amicus curiae, submitted a brief.

LYNCH, J. The planning board of Sudbury (board) appealed from a decision of the Land Court that the plaintiff

---

[1]Of the Erin Realty Trust.

[2]Douglas McCone.

landowners were entitled to an "approval under the subdivision control law not required" endorsement (hereafter "ANR" endorsement) on a plan of land in Sudbury. The Appeals Court reversed and upheld the denial of the "ANR" endorsement by the board. 26 Mass. App. Ct. 1000 (1988). We granted the plaintiffs' application for further appellate review and now affirm the judgment of the Land Court.

There is no material dispute concerning the facts. The plaintiffs hold title to a parcel of land in Sudbury. The plan in question shows a proposed division of that parcel into six separate building lots. Each proposed lot has sufficient frontage on a public way to meet the frontage requirements of the Sudbury zoning by-law, and otherwise complies with the requirements of the by-law. There are no physical impediments which affect access from the road to each lot on the subdivision plan, and each is completely accessible from the public way. However, there are wetlands on lots 1, 2, and 6, which may interfere with access from the front of the lot to the back of the lot unless alteration thereof is permitted by the conservation commission of Sudbury or the Department of Environmental Quality Engineering (DEQE) pursuant to G. L. c. 131, § 40 (1988 ed.), an approval which, so far as appears from the record, the plaintiffs have neither sought nor obtained.

A Land Court judge decided that the plaintiffs were entitled to an "ANR" endorsement under the provisions of G. L. c. 41, §§ 81L & 81P (1988 ed.). Section 81P provides in pertinent part: "Any person wishing to cause to be recorded a plan of land situated in a city or town in which the subdivision control law is in effect, who believes that his plan does not require approval under the subdivision control law, may submit his plan to the planning board of such city or town . . . and, if the board finds that the plan does not require such approval, it shall forthwith, without a public hearing, endorse thereon . . . the words 'approval under the subdivision control law not required' . . . Such endorsement shall not be withheld unless such a plan shows a subdivision." Section 81L expressly excepts from the term "subdivi-

sion" a division of a tract of land into two or more lots if "every lot within the tract so divided has frontage on . . . a public way" and the frontage is sufficient under the controlling town by-law.

The board concedes that the landowners' plan meets the literal statutory requirements for an "ANR" endorsement, but asserts that such technical compliance alone is not enough. It claims that the landowners are not entitled to an endorsement because interior conditions on the lots prevent practical access to buildable sites in the rear of several of the lots. The board points to wet areas crossing each of the lots, areas which the parties stipulate — for present purposes — to be wetlands subject to the Wetlands Protection Act, G. L. c. 131, § 40 (1988 ed.),[3] and to the judge's finding that not all of the lots can accommodate both a house and its accompanying septic system on dry areas between the road and the wetlands.

Thus the board maintains that the case is governed by those decisions holding that technical or formal satisfaction of the individual frontage exemption of § 81L does not itself entitle a plan to an "ANR" endorsement. *Gifford* v. *Planning Bd. of Nantucket*, 376 Mass. 801 (1978), for example, involved lots connected to the road by ribbons of land too narrow and sharply curved for vehicular access. There this court concluded that the frontage exemption of § 81L should be interpreted in light of the over-all purpose of the subdivision control law and stated that "a principal object of the [subdivision control law] is to ensure efficient vehicular access to each lot in a subdivision, for safety, convenience, and welfare" and that, where approval is not required under the statute, "it is [only] because the vital access is reasonably guaranteed." *Id*. at 807. However, the court was careful to stress that it was dealing with an exceptional case where some of the lots were practically inaccessible from their bor-

---

[3]The landowners' plan shows a common driveway that traverses only dry parts of several lots and provides access to building sites in the rear of those lots containing substantial wetlands areas.

ders on the public way. *Id.* at 808-809. See *McCarthy* v. *Planning Bd. of Edgartown*, 381 Mass. 86 (1980) (frontage on limited access highway does not trigger exemption); *Rettig* v. *Planning Bd. of Rowley*, 332 Mass. 476 (1955) (frontage on a road "in a condition of impassability" does not trigger exemption from approval); *Perry* v. *Planning Bd. of Nantucket*, 15 Mass. App. Ct. 144 (1983) (frontage on an unconstructed highway does not trigger exemption); *Hrenchuk* v. *Planning Bd. of Walpole*, 8 Mass. App. Ct. 949 (1979) (frontage on limited access highway does not trigger exemption).

Here, by contrast, there is no question that the frontage provides adequate vehicular access to the lots. The presence of wetlands on the lots does not raise a question of access from the public way, but rather the extent to which interior wetlands can be used in connection with structures to be built on the lots. Wetlands use is a subject within the jurisdiction of two other public agencies, the conservation commission of Sudbury and the DEQE. See G. L. c. 131, § 40; 310 Code Mass. Regs. § 10.55(4)(b) (1987).[4]

*Gifford* was not intended to broaden significantly the powers of planning boards. See *Gallitano* v. *Board of Survey & Planning of Waltham*, 10 Mass. App. Ct. 269, 273 (1980). The guiding principle of *Gifford* and its progeny is that planning boards are authorized to withhold "ANR" endorsements in those unusual situations where the "access implied by [the] frontage is . . . illusory in fact." *Fox* v. *Planning Bd. of Milton*, 24 Mass. App. Ct. 572, 574 (1987). We conclude that the existence of interior wetlands, that do not render access illusory, is unlike the presence of distinct physical impediments to threshold access or extreme lot configurations that do. That the use of the wetlands is, or must be, subject

---

[4]The conservation commission and the DEQE are also authorized to determine the threshold question whether the wet areas are in fact wetlands subject to regulation. G. L. c. 131, § 40. 310 Code Mass. Regs. § 10.00 (1987). This determination involves questions of fact concerning the kind of vegetation in the area in question and whether the wetlands are significant. *Id.*

to the approval of other public agencies (G. L. c. 131, § 40) does not broaden the scope of the board's powers.

The judgment of the Land Court is affirmed. The plaintiffs' plan should be endorsed "approval under the subdivision control law not required."

*So ordered.*