R.C. Management Corp. *vs.* Planning Board of
Southbridge.

No. 90-P-355.

Worcester. September 16, 1991. - November 6, 1991.

Present: Dreben, Fine, & Jacobs, JJ.

*Subdivision Control*, Approval not required, Frontage on public way.
*Estoppel*.

In an action to challenge a municipal planning board's disapproval of a
proposed division of the plaintiff's land into two lots, the materials
before the judge did not warrant summary judgment in favor of the
board on the ground that the submitted plan did not describe a subdivi-
sion as defined in G. L. c. 41, § 81L. [511-512]

There was no merit to a land developer's contention that a municipal plan-
ning board, after initially treating a certain plan as a subdivision of
land, was estopped to deny approval of the plan on the ground that the
proposed division into two lots did not constitute a subdivision. [512-
513]

Civil action commenced in the Superior Court Depart-
ment on July 6, 1989.

The case was heard by *William C. O'Neil, Jr.*, on a mo-
tion for summary judgment.

*Richard B. Johnson* for the plaintiff.

*Arthur P. Kreiger* for the defendant.

Dreben, J. Unlike the usual case in which a developer
seeks exemption from the subdivision control law, the plain-
tiff-developer in this action is challenging a decision of the
planning board of Southbridge (board) denying approval of a
plan on the ground, among others, that the plaintiff's plan is
not a subdivision as defined in G. L. c. 41, § 81L. A judge
of the Superior Court allowed the board's motion for sum-
mary judgment based on this contention.

The reason for this dispute is that G. L. c. 40A, § 6, 5th
par., gives a developer a longer zoning freeze (protection

against zoning changes) for a plan which requires planning board approval under the subdivision control law than for one that does not require approval.[1] See G. L. c. 40A, § 6, 6th par.

We turn to the plan submitted by the plaintiff which purports to be a definitive subdivision plan. See G. L. c. 41, § 81T, and G. L. c. 40A, § 6. It shows two lots with a proposed cul-de-sac called Cameo Place between them.[2] If the width of Cameo Place is divided between the two lots, the frontage of each lot on Worcester Street, a public way, is in excess of eighty feet, the required frontage under the applicable provision of the zoning by-law.

The plaintiff argues that its plan provides for the construction of a new public way — Cameo Place — and cites G. L. c. 41, § 81Y, as requiring it to submit the plan to the board for subdivision approval. That statute, however, only applies to ways within a subdivision and does not bear on the question whether the plaintiff's proposal is a subdivision within the meaning of c. 41, § 81L. According to the statutory definition, if each lot in a tract of land has the frontage prescribed by the zoning by-law on a public way, the development is not a subdivision within the subdivision control law[3] and is not a subject for board approval. See *Corcoran* v. *Planning Bd. of Sudbury*, 406 Mass. 248, 251-252 (1989).

The board treats Cameo Place as a common driveway and argues that the driveway is "not relevant to determining whether [the plaintiff's] plan shows a subdivision." *Fox* v. *Planning Bd. of Milton*, 24 Mass. App. Ct. 572, 574 (1987).

---

[1]The briefs state that the plaintiff sought to avoid the increased dimensional requirements for multi-family residential use introduced by a new zoning provision. Under the old provision, the plaintiff claims it could build 156 units, under the new one, only thirty-eight.

[2]The preliminary plan had shown three lots.

[3]The definition in G. L. c. 41, § 81L, as amended through St. 1965, c. 61, provides that a subdivision is "the division of a tract of land into two or more lots" except that "the division of a tract of land into two or more lots shall not be deemed to constitute a subdivision within the meaning of the subdivision control law if, at the time when it is made, every lot within the tract so divided has frontage on (a) a public way . . . of at least such distance as is then required by zoning or other ordinance . . . ."

The difficulty with the board's contention is that the plaintiff is not required to convey all or a portion of Cameo Place with either of the two lots. If the plan is recorded with the endorsement "approval not required,"[4] the plaintiff may convey one lot having less than eighty feet frontage on Worcester Street without giving the grantee thereof any part of Cameo Place. If the plaintiff were to do so, the conveyance by the definition of G. L. c. 41, § 81L, see note 3, *supra,* would create a subdivision.

The case was decided in the trial court on a motion for summary judgment. The record supporting the motion is not sufficient to enable us to address the board's other contentions. For example, it argues that under another provision in the Southbridge zoning by-law, § 602, Note (a), both lots have the required frontage even if one of the lots has less than eighty feet frontage on Worcester Street. Since the provision is not properly before us and was not before the motion judge, we do not consider on this record whether the lots meet the requirements of that provision.[5] In any event, compliance with the frontage requirements would not be a ground for disapproval of the plan, but rather would require the board to endorse it "approval not required."

The board gave other reasons for its disapproval of the plan. We also cannot determine, in the absence of the planning board regulations, whether disapproval was appropriate on these other grounds. In any event, they were not reached by the motion judge.

The plaintiff's argument that the board is estopped to deny approval of the plaintiff's plan on the ground that it is not a subdivision because the board initially treated the plan as a

---

[4]A plan may not be received for recording without an endorsement of approval, constructive approval, or approval not required, G. L. c. 41, § 81X, and a building permit may not be issued until one of these endorsements has been given, G. L. c. 41, § 81Y.

[5]Although the parties submitted portions of the zoning by-law to the panel, we cannot take judicial notice of such provisions. *Lawrence* v. *Falzarano,* 380 Mass. 18, 25 n.10 (1980). *Perini Corp.* v. *Building Inspector of N. Andover,* 7 Mass. App. Ct. 72, 78 n.9 (1979). See also *Finlay* v. *Eastern Racing Assn.,* 308 Mass. 20, 27 (1941).

subdivision is without merit. The contention was not supported by any affidavit or other evidence indicating the basis for an estoppel or showing any material issue of fact relating thereto. Our conclusion is buttressed by the reluctance of courts "to apply principles of estoppel to public entities where to do so would negate requirements of law intended to protect the public interest." *O'Blenes* v. *Zoning Bd. of Appeals of Lynn*, 397 Mass. 555, 558 (1986), and cases cited.

The judgment is reversed, and the case is remanded to the Superior Court for a determination whether the lots as drawn have the required frontage by operation of § 602, Note (a), of the Southbridge zoning by-law. If so, the plan is to be remanded to the board for an endorsement "approval not required." If the lots do not have the required frontage, the judge is to determine whether the board's disapproval was justified by any of the other grounds cited by it in its decision. If not so justified, the plaintiff's application is to be remanded to the board for reconsideration.

*So ordered.*