ROBERT H. STURDY & another[1] vs. PLANNING BOARD OF
HINGHAM
(and a companion case[2]).

Nos. 90-P-671 & 90-P-678.

Plymouth. October 16, 1991. - February 6, 1992.

Present: DREBEN, GILLERMAN, & GREENBERG, JJ.

*Subdivision Control*, Approval not required, Frontage on public way, Access ways. *Way*, Public: subdivision control, establishment.

A judge's determination of the public character of a certain way had adequate support in town records and was not clearly erroneous. [74-75]

Developers of a tract of land, once they had shown the practicality of access from the land to a public way, were entitled, notwithstanding alleged deficiencies in the way, to have their plan of the land endorsed "approval not required" by the municipal planning board pursuant to G. L. c. 41, § 81P. [75-76]

The judge did not abuse his discretion in denying abutters' prayer for relief in the nature of mandamus requiring a town to repair and maintain a certain public way. [76-78]

CIVIL ACTIONS commenced in the Superior Court Department on April 28, 1987, and February 10, 1989, respectively.

The cases were consolidated for trial and were heard by *Gerald F. O'Neill, Jr.*, J.

*James A. Toomey*, Town Counsel, for the defendants.
*John C. Englander*, for the plaintiffs.

DREBEN, J. Whether the plaintiffs' proposed plan dividing land abutting on Side Hill Road in Hingham is entitled to the endorsement "approval not required" (ANR) under G. L. c. 41, § 81P, depends on whether Side Hill Road is a

---

[1]Joyce L. Sturdy.

[2]The companion case is an action by Robert H. Sturdy against the town of Hingham, the selectmen of the town, and the superintendent of highways for the town.

public way[3] and whether the access the way affords is illusory.

The judge found that the road has been a public way since 1737, but also found that, in its present condition, it did not satisfy the requirement of safe access for emergency and other vehicles. For this reason, he at first held that the planning board had the "right to determine whether sufficient access to the lots on the plan exist[s] as part of the approval process of an ANR plan . . . . [and that its decision not to give the ANR endorsement] did not exceed its authority."

The plaintiffs moved for a new trial and, relying on G. L. c. 84, §§ 1[4] & 7, brought a second action, this time seeking relief in the nature of mandamus against the town to require it to repair and make Side Hill Road reasonably safe and provide access for emergency vehicles. Following consolidation of the cases, the judge, citing *Corcoran* v. *Planning Bd. of Sudbury*, 406 Mass. 248 (1989), and *Long Pond Estates, Ltd.* v. *Planning Bd. of Sturbridge*, 406 Mass 253 (1989), decisions which were issued subsequent to the original judgment, reconsidered his ruling and held that the plaintiffs were entitled to an ANR endorsement. Once they had shown the existence of a public way and the "practicality of access upon a public way . . . [they were, the judge decided,] entitled to the ANR endorsement, notwithstanding any deficiencies in the way." An amended judgment was entered annulling the decision of the board and declaring, "assuming all other criteria have been satisfied," the plan is entitled to endorsement.

In the action seeking relief in the nature of mandamus, the judge allowed the town's motion for summary judgment, rul-

---

[3]Under G.L. 41, § 81L, "the division of a tract of land into two or more lots shall not be deemed to constitute a subdivision . . . if, at the time when it is made, every lot within the tract so divided has frontage on . . . a public way . . . ."

[4]General Laws c. 84, § 1, in relevant part provides:

> "Highways and town ways, . . . shall be kept in repair at the expense of the town in which they are situated, so that they may be reasonably safe and convenient for travelers, with their horses, teams, vehicles and carriages at all seasons."

ing that such relief was not appropriate where, as here, no specific criteria exist as to the standard to which the public way must conform. The plaintiffs appealed from the judgment for the town denying mandamus, and the planning board appealed from the judgment annulling its decision. We affirm both judgments.

1. *Status of Side Hill Road for purposes of G. L. c. 41, § 81L.*[5] There are a number of methods by which a way can become a public way. See *Fenn* v. *Middleborough*, 7 Mass. App. Ct. 80, 83-84 (1979). Prior to St. 1846, c. 203, § 1, one method was by a permanent and unequivocal dedication by the owner to public use, coupled with an acceptance by the public. *Longley* v. *Worcester*, 304 Mass. 580, 586-589 (1939). *Fenn* v. *Middleborough*, 7 Mass. App. Ct. at 83-84.

The judge found that on March 30, 1737, the town voted to accept Side Hill Road as a public way and that, at a meeting in 1738, the proprietors[6] unanimously agreed to the town's acceptance of the way known as Side Hill Road and also voted that they need not be further compensated for the taking. Although the planning board, emphasizing the testimony of its expert, argues that the judge's finding is clearly erroneous, a review of the records before us[7] does not support that conclusion. The town record of the 1737 Hingham vote, set out in relevant part in the margin,[8] coupled with the pro-

---

[5]See note 3 *supra.*

[6]There was testimony that "proprietors" were original private owners of large undivided tracts of land in Colonial New England.

[7]The record contains a number of documents and the transcript of the testimony of the planning board's expert, but it does not include all the evidence. For example, it does not include the 1738 vote of the proprietors, although no one disputes that there was such a vote.

[8]The Hingham records of the meeting set forth that both the report of the committee appointed to search the records respecting highways and to see what more would be needed for the town's use and the report of the selectmen of their laying out the same ways for the use of the town were read and that:

> "the town by a vote on each of them singely accepted the same as ways for the towns use forever to all intents and purposes PROVIDED and upon no other consideration that where any of the ways are laid on the proprietors land in said town they do; that is the proprietors appropriate the said lands used for a way to that use and

prietors' vote (see note 7, *supra*) satisfies the pre-1846 requirement of unequivocal dedication by the owners and acceptance by the town. See *Longley* v. *Worcester*, 304 Mass. at 586-589; *Fenn* v. *Middleborough*, 7 Mass. App. Ct. at 84. The judge was not required to accept the conclusions of the planning board's expert and could also find additional confirmation of the public character of the way in subsequent records of the town.[9]

2. *Adequacy of access.* Citing *Gifford* v. *Planning Bd. of Nantucket*, 376 Mass 801, 808-809 (1978), *Hrenchuk* v. *Planning Bd. of Walpole*, 8 Mass. App. Ct. 949 (1979), and *Perry* v. *Planning Bd. of Nantucket*, 15 Mass. App. Ct. 144 (1983), the planning board claims that it may consider the adequacy of access to the lots, see *Hutchinson* v. *Planning Bd. of Hingham*, 23 Mass. App. Ct. 416, 420-421 (1987), and that the judge in his original findings, set forth in the margin,[10] confirmed that the access was, indeed, inadequate. A more accurate formulation is that a planning board may withhold the ANR endorsement (where the tract has the required frontage on a public way) only where the access is "illusory in fact." *Corcoran* v. *Planning Bd. of Sudbury*, 406 Mass. at 251, and *Long Pond Estates* v. *Planning Bd. of Sturbridge*, 406 Mass. at 255, quoting from *Fox* v. *Planning*

---

' no other as also to free the town from any charge of fencing out the same which is as followeth:"

A list of ways then follows. The judge found, "[T]here is absolutely no question that the road laid out as #26 and #27 in the vote of 1737 is the way presently known as Side Hill Road."

[9]These, among other things, show that, in 1847, Side Hill Road was recommended for repair and also show a 1912 town vote that a portion of Side Hill Road be discontinued.

[10]The judge made the following findings as to access: "The photographs in evidence clearly show that Side Hill Road is a passable woods road of a dirt substance with some packed gravel approximately 11-12 feet in width, muddy in spots and close to impassable at very wet portions of the year. Angles for ingress and egress at either end onto East Street or Cardinal Cushing Highway are such that it would be very difficult for large emergency vehicles to turn onto Side Hill Road. The road is wide enough for one car only." At another point the judge concluded: "Side Hill Road, in its present condition, does not satisfy the requirement of safe access for emergency and other vehicles to the lots in question."

*Bd. of Milton*, 24 Mass. App. Ct. 572, 574 (1987). *Corcoran* v. *Planning Bd. of Sudbury*, 406 Mass. at 251, citing *Gallitano* v. *Bd. of Survey & Planning of Waltham*, 10 Mass. App. Ct. 269, 273 (1980), reiterates that *Gifford* v. *Planning Bd. of Nantucket*, 376 Mass. at 808-809, is the exceptional case and was not intended to broaden significantly the powers of planning boards under G. L. c. 41, § 81L.

Deficiencies in a public way are insufficient ground for denying the endorsement. The ANR endorsement for lots fronting on a public way, provided for in G. L. c. 41, § 81L (note 3, *supra*), is a legislative recognition that ordinarily "lots having such a frontage are fully accessible, and as the developer does not contemplate the construction of additional access routes, there is no need for supervision by the planning board on that score." *Gifford* v. *Planning Bd. of Nantucket*, 376 Mass. at 807. Moreover, since municipal authorities have the obligation to maintain such ways, there is already public control as to how perceived deficiencies, if any, in such public ways are to be corrected. As indicated in part 3 of this opinion, public officials can bring a municipality to task if it fails to perform its road maintenance duties.

3. *Mandamus against the town.* The judge, as noted earlier, based his decision to deny discretionary relief in the nature of mandamus on the absence of any specific criteria for maintaining a public way. As stated in *MacDonald* v. *Boston*, 318 Mass. 618, 619 (1945), and *Green* v. *Wilmington*, 339 Mass. 142, 144 (1959), the "standard of duty [to keep a way in repair] is not an absolute or inflexible one, but should be given an application which is related to the character of the way and to the kind and amount of travel at the location of the alleged defect." The judge correctly noted that the "width, surface, drainage, ingress and egress and grades of any public way will vary dependent upon the usage of said way by travelers in a particular community." Much discretion must be afforded the town in this regard, particularly because of the heavy financial pressures on local government, cf. *McCarthy* v. *Street Commrs. of Boston*, 188 Mass. 338,

341 (1905), and we see no abuse of discretion in the judge's declining to issue an order to the town.

The parties assumed that abutters, as well as injured persons who come within G. L. c. 84, § 15,[11] have a private right of action against a municipality failing to make repairs. We do not reach the question but note that the validity of that assumption is not clear.

Under G. L. c. 84, not only injured persons, but also certain public officials are charged with making sure the town abides by its obligations. The Commonwealth, pursuant to G. L. c. 84, § 22,[12] which imposes criminal penalties, may bring an action against a town, see *Commonwealth v. Newburyport*, 103 Mass. 129 (1869), and, in addition, under G. L. c. 84, § 7,[13] surveyors of highways and road commissioners have the burden to see that the town performs its duty of repair. These specific remedies afforded by the statute suggest that an additional private remedy for abutters is

[11]General Laws c. 84, § 15, provides:

"If a person sustains bodily injury or damage in his property by reason of a defect or a want of repair . . . upon a way, and such injury or damage might have been prevented, or . . . might have been remedied by reasonable care and diligence on the part of the . . . town . . . he may, if such . . . town . . . had or, by the exercise of proper care and diligence, might have had reasonable notice of the defect or want of repair . . . recover damages therefor from such . . . town. . . ."

[12]General Laws c. 84, § 22, provides:

"If a town neglects to repair any way which it is obliged to keep in repair, or neglects to make the same reasonably safe and convenient when encumbered with snow, it shall pay such fine as the court may impose."

[13]General Laws c. 84, § 7, in relevant part provides:

"Surveyors of highways and road commissioners shall remove whatever obstructs the public ways within their respective towns or districts, or endangers, hinders or incommodes persons traveling thereon; and shall forthwith cause snow to be removed or trodden down so as to make such ways reasonably safe and convenient. If a town neglects to vote a sufficient amount for the proper repair of ways therein, or does not otherwise effectually provide therefor, each surveyor, in his district, or the road commissioners, may employ persons to make such repairs, who shall be paid by the town. . . ."

not implied. There appears here no special legislative concern for an identifiable interest of a group of which the plaintiff is a member but rather a concern for travelers and the public generally. *Dinsky* v. *Framingham*, 386 Mass. 801, 805-810 (1982). *Ludlow Educ. Assn.* v. *Ludlow*, 31 Mass. App. Ct. 110, 120 (1991). The cases cited by the plaintiffs are inapposite, as they either involve contractual obligations, e.g., *Aspinwall* v. *Boston*, 191 Mass. 441, 447-448 (1906), or different statutes. We have been directed to no case permitting an abutter to require a municipality to repair a street under G. L. c. 84, § 1.[14] But see *Lynch* v. *Groton*, 11 Mass. App. Ct. 1008 (1981).

We see no error in the denial of mandamus or a judicial declaration of the town's duties,[15] or, as previously indicated, with the conclusion that an ANR endorsement is required.

*Judgments affirmed.*

---

[14]The cases suggesting that abutters may bring mandamus for the *construction* of ways, see, e.g., *Metcalf* v. *Boston*, 158 Mass. 284, 286 (1893), and *McCarthy* v. *Street Commrs. of Boston*, 188 Mass. 338 (1905), were brought under the predecessors of G. L. c. 82 and similar statutes, and not of G. L. c. 84. See also *Marcus* v. *County Commrs. of Norfolk*, 344 Mass. 749 (1962).

[15]Courts "commonly assume that municipalities and public officers will do their duty when disputed questions have been finally adjudicated," *Commonwealth* v. *Hudson*, 315 Mass. 335, 343 (1943), and do not normally issue orders to such persons.