EDNA BALL & others[1] *vs.* PLANNING BOARD OF LEVERETT.

No. 02-P-810.

Franklin. February 6, 2003. - July 9, 2003.

Present: CYPHER, MASON, & McHUGH, JJ.

*Subdivision Control,* Access ways, Approval not required. *Way,* Public: access, Public: subdivision control. *Practice, Civil,* Findings by judge. *View. Words,* "Subdivision."

A Superior Court judge erred in entering a judgment pursuant to G. L. c. 41, § 81BB, annulling a decision of a local planning board not to endorse a plan of land as "Approval Not Required" under G. L. c. 41, § 81P, because there was no safe, practical access to the lots proposed, where the portion of a public way that fronted the lot in question was not merely "deficient" (i.e., "could be better but manageable"), but failed to provide acceptable physical access according to the goals of G. L. c. 41, § 81M (i.e., access was "illusory"). [516-518]

This court stated that a judge in a civil trial without a jury may take a view on her own motion, provided the parties are notified and given an opportunity to attend the view. [519-520]

CIVIL ACTION commenced in the Superior Court Department on August 16, 2000.

The case was heard by *Tina S. Page,* J., and a motion for a new trial was heard by her.

*Mark Bobrowski,* Special Town Counsel, for the defendant.

*Michael J. Serduck* for the plaintiffs.

CYPHER, J. This is an appeal from a judgment entered in the Superior Court pursuant to G. L. c. 41, § 81BB, annulling a decision of the Leverett planning board (board) not to endorse a plan of land as "Approval Not Required" (ANR) under c. 41, § 81P. Edna Ball and her children (landowners) own land in Leverett with frontage on three county roads, Still Corner Road, East Leverett Road, and January Road. The landowners applied

---

[1]Marlene Merzbach, Lydia Vozella, Martin Ball, Jr., and Jeffrey Ball.

to the board for an ANR endorsement of a plan showing two lots.[2] Lot 1 has frontage on January Road and East Leverett Road. Lot 2 has frontage on East Leverett Road and Still Corner Road. The planning board denied endorsement because, in its opinion, "East Leverett Road and January Road provided no safe, practical access to the lots proposed." The landowners sought review in the Superior Court under c. 41, § 81BB.

After a trial, which included testimony from expert witnesses for both sides, and a view (about which we shall say more below), the judge concluded that "January Road provides more than nonexistent or illusory access to Lot 1. It is a constructed public way, rather than a 'paper street'. . . . Although January Road needs improvements such as grading and culverts, such deficiencies do not prevent passage along it by emergency vehicles to Lot 1." The judge also concluded that East Leverett Road did not provide adequate access for emergency vehicles but that the landowners were entitled to an ANR endorsement for Lot 2 because Still Corner Road provided adequate access for that lot. The board does not challenge this portion of the judge's decision. The judge annulled the board's denial of the requested ANR endorsement and ordered the board to endorse the plan.

Following entry of judgment, the board filed a motion for a new trial, which included a request that the trial judge recuse herself from further proceedings because she took a view of the property, accompanied by the plaintiff's expert, without notice to the parties. The judge denied the motion.

The board appeals, claiming that the judge erred in (1) annulling its denial of the landowners' request for an ANR endorsement; and (2) denying its motion for a new trial and for recusal. In support of its arguments, the board maintains that the judge's finding that January Road provides adequate access to Lot 1 is not supported by any evidence in the record. The board also contends that there exists a contradiction between *Sturdy* v. *Planning Bd. of Hingham*, 32 Mass. App. Ct. 72 (1992) (*Sturdy*), which held that deficiencies in a public way are not grounds for denial of an ANR endorsement, and *Perry* v. *Planning Bd. of*

---

[2]The plan is reproduced as a sketch in the Appendix to this decision.

*Nantucket*, 15 Mass. App. Ct. 144, 151 (1983) (*Perry*), which held that even though a way had been laid out, the way did not satisfy the requirements of the public way exemption in § 81L, twelfth par., cl. (*a*), of the subdivision control law, because it did not, in fact, exist "on the ground in a form which satisfie[d] the . . . goals of § 81M."

The landowners argue that, as matter of law, we should affirm the judge's conclusion because January Road is a public way in physical existence, which is more than a "paper street" and access to Lot 1 from January Road is not illusory. The landowners further argue that a view was unnecessary to reach that conclusion; therefore, any error in taking the view without notifying the parties was harmless.

1. *Factual background.* The judge found the following facts, which are not in dispute on appeal. The latter half of January Road, the part that provides frontage to Lot 1, is not paved. The unpaved portion of January Road has a stone wall along one side and a cartway or raised bed of natural gravel in the middle. To be serviceable for a typical automobile (other than a four-wheel drive vehicle), approximately 1,000 feet of January Road from the end of its paved portion to its intersection with East Leverett Road would need to be improved. The required improvements include: clearing the road of leaf mulch; creating ditches and culverts to prevent groundwater from eroding the road; clearing the topsoil; and laying down and rolling six inches of gravel, twelve to twenty feet wide.

In addition to the facts found by the judge, the record included the following evidence. The landowners' expert witness, James Smith, described the unpaved portion of January Road, as it runs along Lot 1, as a "track," which was "maybe" fifteen feet wide. He testified that, in its present condition, January Road does not provide satisfactory access to Lot 1 for a two-wheel drive vehicle. According to Smith, the necessary repairs include upgrading, clearing away leaf mulch, laying down gravel, and rolling.

The chief of the Leverett fire department, John Moruzzi, testified that his department owns four emergency vehicles. He described their length, width, and height. He also testified that the town receives ambulance service from Amherst and that the

ambulances were two-wheel drive vehicles. He examined January Road and concluded that it did not provide suitable access for Lot 1 for any of his emergency vehicles or the ambulances from Amherst. He observed that January Road was muddy, rutty, not maintained and had "very high paths for a vehicle."

James Colantonio and Kelly Killeen, civil engineers, testified for the board that where January Road abuts Lot 1, it has no man-made surface or subbase. Colantonio characterized the road as a "trail" with a natural gravel base subject to erosion from groundwater.

The board did not dispute that January Road, including the unpaved portion, was a public way that had been laid out some two hundred or more years ago and had never been officially discontinued or abandoned. William Allen testified that the landowners had not filed a petition for specific repairs under G. L. c. 82, § 10. According to Allen, specific repairs include changes in grade, width, drainage and material.

2. *Annulment of the board's denial of the request for an ANR endorsement.* A "subdivision," for purposes of the subdivision control law, G. L. c. 41, §§ 81K-81GG, is defined generally within § 81L as "the division of a tract of land into two or more lots." Land so divided is exempted by G. L. c. 41, § 81L, twelfth par., cl. (*a*), from the requirements of the subdivision law if "at the time when [the division] is made, every lot within the tract so divided has frontage on (*a*) a public way or a way which the clerk of the city or town certifies is maintained and used as a public way. . . ." Section 81L, twelfth par., also exempts from subdivision control, in cl. (*b*), "a way shown on a plan theretofore approved and endorsed in accordance with the subdivision control law," and, in cl. (*c*), "a way in existence when the subdivision control law became effective in the city or town in which the land lies, having, in the opinion of the planning board, sufficient width, suitable grades and adequate construction to provide for the needs of vehicular traffic in relation to the proposed use of the land abutting thereon or served thereby, and for the installation of municipal services to serve such land and the buildings erected or to be erected thereon."

Under § 81P of the subdivision control law, a landowner proposing to record a plan of land that does not create a subdivi-

sion may obtain from a planning board an ANR endorsement on the plan that "approval under the subdivision control law is not required."

We have consistently construed the exemptions from subdivision control that are set forth in clauses (*a*), (*b*) and (*c*) of § 81L, twelfth par., in light of the purposes of the subdivision control law generally as those are set forth in G. L. c. 41, § 81M. See, e.g., *Gifford* v. *Planning Bd. of Nantucket*, 376 Mass. 801, 807 (1978); *Perry* v. *Planning Bd. of Nantucket*, 15 Mass. App. Ct. 144, 150 (1983); *Hutchinson* v. *Planning Bd. of Hingham*, 23 Mass. App. Ct. 416, 420-421 (1987). "[W]here there is the access that a public way normally provides, that is, where the 'street [is] of sufficient width and suitable to accommodate motor vehicle traffic and to provide access for firefighting equipment and other emergency vehicles' . . . the goal of access under 81M is satisfied, and an 81P endorsement is required." *Ibid.*, quoting from *North Landers Corp.* v. *Planning Bd. of Falmouth*, 382 Mass. 432, 441 (1981).

The landowners rely on *Sturdy* to support their argument that as long as access is not "illusory" the board may not consider the physical condition of the public way. In *Sturdy*, we construed *Perry* and related cases narrowly, stating that "a planning board may withhold the ANR endorsement (where the tract has the required frontage on a public way) only where the access is 'illusory in fact.' " *Sturdy*, *supra* at 75, quoting from *Corcoran* v. *Planning Bd. of Sudbury*, 406 Mass. 248, 251 (1989). We observed that deficiencies in a public way are an insufficient ground for denying the endorsement. *Id.* at 76.

Most recently, in *Gates* v. *Planning Bd. of Dighton*, 48 Mass. App. Ct. 394, 399 (2000), we stated the perceived tension between the cases concerning ANR endorsements and questions of physical access, including *Perry* and *Sturdy*, as creating "[t]wo categories of access on public ways . . . . There is the 'could be better but manageable' category and the 'illusory' category. The first category warrants a § 81P endorsement; the second does not." *Id.* at 399.

We must determine then whether the portion of January Road that fronts upon Lot 1 is merely "deficient" (i.e., "could be better but manageable") or whether it fails to provide acceptable

physical access according to the goals of § 81M (i.e., access is "illusory").

The judge determined that January Road was more than a paper street and that its deficiencies did not prevent passage to Lot 1 by emergency vehicles. This determination, however, is contradicted by the testimony at trial. All of the experts, including the landowners' expert, testified that a two-wheel drive vehicle could not traverse the portion of January Road that fronts upon Lot 1. The fire chief explained that his emergency vehicles would not be able to access Lot 1 from January Road and that the two-wheel drive ambulances from the town of Amherst also would not be able to access Lot 1. Admittedly, January Road is more than a paper street; but it provides no practical means of access for emergency vehicles to Lot 1. The uncontradicted evidence at trial established that January Road does not provide access as contemplated by § 81M and that its inadequacies place it beyond the deficiencies of the way at issue in *Sturdy*[3] and beyond the "could be better but manageable" category referred to in *Gates.*[4]

We are not unmindful that an appellate court is to accept the findings of fact of a trial judge unless they are clearly erroneous. Mass.R.Civ.P. 52(a), 365 Mass. 816 (1974). In light of the evidence we have described, this is one of those rare instances in which we are bound to set aside a trial judge's findings of fact as unsupported by the evidence. See *Springgate* v. *School Comm. of Mattapoisett*, 11 Mass. App. Ct. 304, 308-310 (1981). We conclude that January Road as it existed at trial did not provide adequate emergency vehicular access to Lot 1 and, hence, that access was in the illusory category.[5] Contrast *Hobbs Brook Farm Property Co. Ltd. Partnership* v. *Planning Bd. of Lincoln*, 48 Mass. App. Ct. 403, 406 (2000).

---

[3]Practical access existed in *Sturdy*, although a part of the way was characterized as "very difficult" for a large emergency vehicle to turn and another part of the way was characterized as "close to impassable at very wet portions of the year." *Sturdy, supra* at 75 n.10.

[4]No practical access existed in *Gates*, where extensive interior wetlands presented a physical barrier of access to the land from the street.

[5]Our decision does not leave the landowner without recourse. See *Perry* at 157-158 (discussing actions a landowner may take to make a lot accessible from a public way that is inadequate).

3. *The motion for new trial.* Because the judge's finding that January Road provided adequate access for emergency vehicles was not supported by the evidence at trial, we need not reach the merits of the board's appeal from the denial of its motion for a new trial. Nevertheless, because the board raises an issue of significant concern, we think it appropriate to discuss the view of the locus taken by the judge without the board's knowledge. In the preface to her decision, the judge referred to a view she took of the locus of which the board was unaware. Counsel for the planning board filed a motion for a new trial and for the judge to recuse herself from any new trial, along with a supporting affidavit. In the affidavit, counsel averred that the landowners' expert, James Smith, accompanied the judge on the view and that the judge had improper ex parte communication with this expert. The landowners filed an opposition to the motion, arguing that no communication had occurred between the judge and the expert (but not contesting that the expert witness was present at the view) and, in the alternative, that a new trial was not warranted even if such communication occurred. The judge denied the motion without a hearing and made the following entry on the docket:

> "[T]his Court did not direct any employee of the Franklin County Clerk's Office to contact Mr. Smith. The Clerk's Office was directed to obtain directions to the site. Moreover, the Court recalled (albeit without the convenience of a transcript) that an indication was made at the conclusion of this trial that a view would be taken. Even if the Court's memory is faulty, it is not precluded from taking a view on a jury waived trial as the finder of fact. The law supports the Court's findings and rulings. See *Sturdy* v. *Planning Board of Hingham*, 32 Mass. App. Ct. 72 (1992). Finally, at no time did this Court engage in any improper ex parte communications with a party regarding any undisclosed facts. Motion for recusal and new trial is DENIED."

We have no reason to doubt the judge's representation that

no improper ex parte communication occurred.[6] Accordingly, we turn to whether the view was improper.

In a civil trial without a jury, a judge may take a view on her own motion, provided the parties are notified. *Sargeant* v. *Traverse Bldg. Trust*, 267 Mass. 490, 495 (1929). There is nothing in the record to suggest that the judge intended to take a view. In any event, the parties should have been notified and provided an opportunity to attend the view.

> *The judgment is reversed and a new judgment is to be entered that affirms the decision of the planning board.*

---

[6]The presence of the landowner's expert at the judge's view would understandably cause counsel concern, especially where counsel for the board was unaware of the view. In light of our disposition of this case, it is not necessary to consider the board's motion to recuse the judge from a new trial. We note, however, that out of an abundance of caution the judge may decide to recuse herself if there are future proceedings. See *Haddad* v. *Gonzalez*, 410 Mass. 855, 862 (1991) (a judge must also conduct "an objective appraisal of whether . . . '[her] impartiality might reasonably be questioned' ").