The plaintiff, a landowner in the town of Hancock (town), filed a complaint in the Land Court seeking a declaratory judgment that the town had a duty, pursuant to G. L. c. 84, to repair and maintain Tower Mountain Road, the dirt road providing access to his land. In a comprehensive written decision, the judge dismissed the plaintiff's complaint pursuant to Mass.R.Civ.P. 12(b)(1), 365 Mass. 754 (1974), for lack of subject matter jurisdiction and the plaintiff's lack of standing. The plaintiff appeals from the dismissal. We affirm.
Background. The underlying action is the most recent in more than a decade of litigation between the plaintiff and the town regarding the status and maintenance of Tower Mountain Road (the road). We briefly summarize the history of that litigation. In 2000, the plaintiff purchased undeveloped land adjacent to the road. The dispute over the road began in 2005, when another abutter sued the plaintiff and the town, claiming that the road had been discontinued by a 1946 town meeting vote and was no longer a public way. Therefore, according to the abutter, he held title up to the midpoint of the roadbed. Following a trial, a Land Court judgment entered against the abutter, concluding that "the [r]oad has not been discontinued or abandoned and remains a public way in the [t]own." In an unpublished memorandum and order pursuant to Appeals Court rule 1:28, a panel of this court affirmed the judgment. See Meudt v. Dus, 75 Mass. App. Ct. 1109 (2009).
In 2012, the town brought a trespass action against the plaintiff, claiming he had altered the road. Ultimately, a Superior Court judge agreed and permanently enjoined the plaintiff from "the performance of any work or alterations of any nature on [the road] unless and until an agreement is reached with the [t]own."
In 2013, the plaintiff obtained a building permit and constructed a single-family residence on the property. The next year, the town brought a contempt complaint against the plaintiff claiming he had violated the 2012 injunction by performing work on the road that the town had not approved. The same Superior Court judge concluded that the town had not proven the contempt because the work had been performed by a contractor and was not authorized by the plaintiff.
In 2014, the plaintiff sued the defendant in Superior Court seeking a declaratory judgment and relief in the nature of mandamus requiring the town to maintain the road pursuant to G. L. c. 84. The same Superior Court judge dismissed the complaint for the plaintiff's lack of standing, concluding that the plaintiff had no private cause of action to sue a municipality for road maintenance. The plaintiff then brought the instant action for declaratory judgment in the Land Court, seeking a declaration that the town had a legal obligation to maintain the road pursuant to G. L. c. 84.
Discussion. We review the judge's legal conclusions regarding standing and jurisdiction de novo. Indeck Me. Energy, LLC v. Commissioner of Energy Resources, 454 Mass. 511, 516 (2009). Galiastro v. Mortgage Electronic Registration Sys., Inc., 467 Mass. 160, 164 (2014). In declaratory judgment actions brought pursuant to G. L. c. 231A, § 1, a plaintiff must establish both an actual controversy and standing before the complaint may be heard. See Indeck, supra at 516-517. "Even if there is an actual controversy, the particular plaintiff must demonstrate the requisite legal standing to secure its resolution." Massachusetts Assn. of Indep. Ins. Agents & Brokers, Inc. v. Commissioner of Ins., 373 Mass. 290, 292 (1977).
A plaintiff only has standing under G. L. c. 231A if judicial resolution of the matter would "significantly affect[ ]" the plaintiff's rights. Enos v. Secretary of Envtl. Affairs, 432 Mass. 132, 135 (2000) (quotation omitted). Where, as in this case, the dispute concerns a municipality's duties under a statute, the plaintiff "has standing ... where the [municipality] has 'violated some duty owed to the plaintiff[ ],' and where the plaintiff[ ] 'can allege an injury within the area of concern of the statute or regulatory scheme.' " Service Employees Intl. Union, Local 509 v. Department of Mental Health, 469 Mass. 323, 328-329 (2014) (quotations omitted). The plaintiff has not made this threshold showing.
While G. L. c. 84, §§ 1 and 7, require municipalities to maintain and repair public ways, the statutory remedies for failure to do so are limited. Municipalities may be liable under this chapter to (1) persons sustaining personal injuries or property damage from defects in the ways, G. L. c. 84, § 15 ; (2) persons hired by the surveyor or road commissioners to maintain ways where the municipality has failed to provide funds prior thereto, G. L. c. 84, § 7 ; or (3) the Commonwealth for payment of fines for failure to maintain the road, G. L. c. 84, § 22. See Sturdy v. Planning Bd. of Hingham, 32 Mass. App. Ct. 72, 77-78 (1992). The plaintiff does not seek any of these remedies. Therefore, he has no legally cognizable injury under this statutory scheme. See Massachusetts Assn., 373 Mass. at 292. "Standing is not measured by the intensity of the litigant's interest or the fervor of his advocacy," Enos, 432 Mass. at 135 (quotation omitted), but rather by whether the plaintiff has a "legally cognizable injury." Simply put, we agree with the Land Court judge that, in the circumstances presented here, the plaintiff has no private cause of action to seek a declaration as to a town's road maintenance obligations under G. L. c. 84. We discern no error in the dismissal for lack of standing.[2]
Order allowing motion to dismiss affirmed.

Because we conclude that the plaintiff lacked standing in the underlying action, we need not address the town's separate arguments related to subject matter jurisdiction under G. L. c. 185, § 1, and claim preclusion. With respect to claim preclusion, we note that the record before us does not include the complaint in the 2014 Superior Court action. However, it appears from the judge's decision that one of the claims in that action was a request for a declaratory judgment that the town had an obligation to maintain the road under G. L. c. 84. If so, further litigation of that claim would also be barred by the doctrine of claim preclusion.