FRATUS vs. HARWICH, 100 Mass. App. Ct. 27

 
 ROBERT D. FRATUS, JR. vs. TOWN OF HARWICH & others. [Note 1]

100 Mass. App. Ct. 27
 April 5, 2021 - July 13, 2021

Court Below: Superior Court, Barnstable County
Present: Meade, Wolohojian, & Massing, JJ.

 

Subdivision Control, Access ways. Way, Public: subdivision control. Statute, Construction. Mandamus. Practice, Civil, Summary judgment, Action in nature of mandamus, Standing.

This court concluded that G. L. c. 84, § 1, which requires that towns keep highways and town ways in repair, did not create a private right of action, either express or implied, in a homeowner who had not suffered any injury to compel the town in which his property was situated to improve two roads abutting that property; likewise, this court concluded that G. L. c. 82, § 17, which gives cities and towns discretionary authority to consider petitions for alterations, relocations, or repairs to highways within the municipality's limits, created no private right of action to compel repairs or improvements to roads; finally, this court concluded that mandamus was not an available form of relief with regard to either statute, given the discretionary nature of the town's authority to maintain and repair roads and to consider petitions to improve them. [28-32]

CIVIL ACTION commenced in the Superior Court Department on June 21, 2019.

 The case was heard by Thomas J. Perrino, J., on motions for summary judgment.

J. Alexander Watt for the plaintiff.

Deborah I. Ecker for the defendants.

 WOLOHOJIAN, J. At issue is whether the plaintiff, Robert Fratus, Jr., has a private right of action to require the town of Harwich and its board of selectmen (collectively, town) to widen and pave two roads abutting his property and upon which he travels. Although Fratus acknowledges that there are no specific defects in the two roads, and that he has not been injured by traveling on them, he nonetheless contends that he has a private right of action as an abutter and traveler to compel the town to maintain the roads "so 

 Page 28 

that they may be reasonably safe and convenient for travelers." G. L. c. 84, § 1. Ruling on cross motions for summary judgment, a Superior Court judge disagreed, and dismissed Fratus's complaint for declaratory judgment and mandamus relief. We affirm.

 Background. [Note 2] In 1996, Fratus bought land and built a house in Harwich, at 74 Seth Whitefield Road, [Note 3] which is a county road. At that time, the town required him to widen certain parts of the road in order to obtain access to his home. In 2016, when Fratus bought more property on Seth Whitefield Road to create a subdivision, the town required him to extend the improvements to that point. Northerly from Fratus's property, Seth Whitefield Road intersects with Round Cove Road. The 900-foot stretch of Round Cove Road running easterly from the intersection is unpaved and about ten feet wide.

 In the spring of 2019, Fratus petitioned the Harwich board of selectmen (board) to (1) widen and harden the unpaved portion of Round Cove Road and (2) resurface Seth Whitefield Road from Fratus's subdivision up to Round Cove Road. Fratus asserts that Round Cove Road is too narrow for two cars to pass one another in opposite directions, that it is dangerous for pedestrians, and that improvements would provide easier access to Hawksnest State Park for emergency vehicles. As to Seth Whitefield Road, he contends that the unpaved portion should be surfaced with hardener. [Note 4]

 Following a public hearing, the board denied Fratus's petition. Fratus then filed the underlying suit, seeking a declaratory judgment that the town had a duty to improve the two roads and seeking a writ of mandamus ordering the town to do so. On cross motions for summary judgment, a Superior Court judge ruled that Fratus lacked standing, and ordered the entry of judgment in favor of the town. This appeal followed.

 Discussion. Fratus argues that he has a private right of action, under G. L. c. 84, § 1, to compel the town to improve and repair roads that abut his property and over which he travels. The statute,

 Page 29 

 which deals with the funding for road repairs, provides:

"Highways and town ways . . . shall be kept in repair at the expense of the town in which they are situated, so that they may be reasonably safe and convenient for travelers, with their horses, teams, vehicles and carriages at all seasons. A city or town shall submit a letter of request for such repair and for approval by the [S]tate department of highways. Upon receipt of such approval, the city or town shall be reimbursed by the [C]ommonwealth from monies which may be appropriated therefor by the [C]ommonwealth and the [F]ederal government to defray expenses of such repairs for safety programming. Such reimbursement will not create liability, of any kind, either civil or criminal on the part of the [C]ommonwealth or the [F]ederal government."

Whatever else might be said about the statute, it does not create an explicit private right of enforcement for abutters or travelers should the town fail to make required repairs. [Note 5] See Sturdy v. Planning Bd. of Hingham, 32 Mass. App. Ct. 72, 77 (1992).

 The question thus becomes whether there is an implied private right of action for abutters and travelers who have suffered no injury, such as Fratus. "A statutory duty by itself does not necessarily imply a judicial remedy to challenge the executive branch's compliance with that duty. . . . The Legislature often imposes obligations on officials in the executive branch to act in accordance with specified standards, but it does not always create a private right of action and waive sovereign immunity to allow private parties to enforce compliance with those standards in a judicial or administrative adjudication." Boston Med. Ctr. Corp. v. Secretary of the Executive Office of Health & Human Servs., 463 Mass. 447, 455456 (2012). Accordingly, although we may "infer an implied private right of action unless the Legislature explicitly prohibits us from doing so," Salvas v. Wal-Mart Stores, Inc., 452 Mass. 337, 373 (2008), "we have generally been reluctant to infer a private cause of action from a statute in the absence of some indication from the Legislature supporting such an inference," Loffredo v. Center for Addictive Behaviors, 426 Mass. 541, 544 (1998).

 Page 30 

 Here, the statutory indications run against finding an implied right of action for those who, like Fratus, merely travel over a road or have property abutting it. To begin with, another section in the same chapter of the General Laws does create a private cause of action for a particular class of individuals: persons who "sustain[] bodily injury or damage in his property by reason of a defect or a want of repair . . . upon a way." G. L. c. 84, § 15. Where the Legislature has explicitly created a remedy for travelers who are injured, there is no reason to think that it intended to create an implied remedy for those who are not. See Transamerica Mtge. Advisors, Inc. v. Lewis, 444 U.S. 11, 19 (1979) ("where a statute expressly provides a particular remedy or remedies, a court must be chary of reading others into it"). Moreover, "not only injured persons, but also certain public officials are charged with making sure the town abides by its obligations" to repair the ways. Sturdy, 32 Mass. App. Ct. at 77. Specifically, under G. L. c. 84, § 22, a town may be required to pay a fine if it "neglects to repair any way which it is obliged to keep in repair." In addition, surveyors of highways and road commissioners have the burden of ensuring that public ways remain clear and in repair, and may hire persons to make such repairs even if the town has failed to vote sufficient funds. G. L. c. 84, § 7. See Sturdy, supra.

 Fratus also argues that G. L. c. 82, § 17, [Note 6] creates a private cause of action to compel the town to repair or improve the roads. That statute provides cities and towns with discretionary authority to consider "petitions for altering, relocating or making specific repairs upon a highway within the town limits." Id. See RCA Dev., Inc. v. Zoning Bd. of Appeals of Brockton, 482 Mass. 156, 160161 (2019), quoting Commonwealth v. Dalton, 467 Mass. 555, 558 (2014) ("The use of the word 'may' in a statute is generally permissive, reflecting the Legislature's intent to grant discretion or permission to make a finding or authorize an act").

 Page 31 

 Here -- even accepting Fratus's representation that he petitioned the board pursuant to § 17 [Note 7] -- the board exercised its discretion in his favor and decided to consider his request. In any event, § 17 does not create an express or implied right of action to compel improvements or repairs to the roads. And, given the deficiencies in the appellate record, see note 7, supra, the board's decision on the merits of Fratus's petition are not before us.

 Finally, we turn to Fratus's request for mandamus relief. "[A] court may not compel performance of a discretionary act, . . . and . . . relief in the nature of mandamus is extraordinary and may not be granted except to prevent a failure of justice in instances where there is no other adequate remedy." Lutheran Serv. Ass'n of New England, Inc. v. Metropolitan Dist. Comm'n, 397 Mass. 341, 344 (1986). Municipalities have "[m]uch discretion" in determining what repairs are necessary to a given road in light of the circumstances. Sturdy, 32 Mass. App. Ct. at 76. "It is well established that a town or city is not bound to keep its ways perfect. The burden would be too heavy. It is enough that they are reasonably safe and convenient for travel." Cannon v. Brookline, 256 Mass. 468, 470 (1926). This standard of duty "is not an absolute or inflexible one, but should be given an application which is related to the character of the way and to the kind and amount of travel at the location of the alleged defect." Sturdy, supra, quoting Green v. Wilmington, 339 Mass. 142, 144 (1959), and MacDonald v. Boston, 318 Mass. 618, 619 (1945). Given the discretionary nature of the town's authority to maintain and repair roads, mandamus was not an available form of relief to Fratus with respect to G. L. c. 84, § 1. Similarly, given that the Legislature has left to cities and towns the discretion whether to consider a petition to improve a road, mandamus is not an available remedy with respect to G. L. c. 82, § 17. See Boxford v. Massachusetts Highway Dep't, 458 Mass. 596, 606 (2010) ("Relief in the nature of mandamus is not appropriate where the acts in question are discretionary rather than ministerial").

 Accordingly, because Fratus, as an abutter and uninjured traveler, does not have a private right of action to compel the town to make improvements or repairs, nor was he entitled to mandamus 

 Page 32 

relief, judgment was properly entered in favor of the town.

Judgment affirmed.

FOOTNOTES
[Note 1] Board of selectmen of Harwich. 

[Note 2] On cross motions for summary judgment, we recite the facts in the light most favorable to Fratus, "against whom judgment is to enter" (citation omitted). Winbrook Communication Servs., Inc. v. United States Liab. Ins. Co., 89 Mass. App. Ct. 550, 553 (2016). 

[Note 3] Sometimes called Hawksnest Road. 

[Note 4] Fratus has not provided any materials from the proceedings before the board; thus, we do not know whether Fratus articulated these arguments to the town. The town, however, has not argued that the arguments are waived and, on that basis, we have reached them. 

[Note 5] Whether Fratus's requested changes to the roads are properly considered repairs (as he styles them) rather than improvements, is a question that neither party has briefed, nor one we need reach. 

[Note 6] "The city council of a city and the selectmen or road commissioners of a town may exercise original jurisdiction, concurrent with the county commissioners, of petitions for altering, relocating or making specific repairs upon a highway within the town limits, but except as to such parts thereof as, by such action, become unnecessary for public use, a city or town shall not discontinue any highway or diminish the width thereof, nor shall it assess upon the county any part of the expense of altering, relocating or repairing. The proceedings of cities and towns and their officers hereunder shall be the same as in the laying out of highways or town ways. Nothing in sections seventeen to nineteen, inclusive, shall diminish the powers over highways granted to a city by its charter." G. L. c. 82, § 17. 

[Note 7] Fratus has provided no materials regarding his petition to the board, any hearing(s) conducted regarding the petition, any information placed before, or considered by, the board, or the board's decision or rationale. 

 
 Home/Search 
 Table of Cases by Citation
 Table of Cases by Name 
 

 Commonwealth of Massachusetts. Trial Court Law Libraries. Questions about legal information? Contact Reference Librarians.