WILBUR F. GARABEDIAN & another, trustees, *vs.* WATER AND SEWERAGE BOARD OF MEDFIELD.

Middlesex.   March 5, 1971. — April 30, 1971.

Present: TAURO, C.J., SPALDING, SPIEGEL, REARDON, & BRAUCHER, JJ.

*Municipal Corporations,* Waterworks. *Subdivision Control.*

Where it appeared that the planning board of a town approved a subdivision plan under the Subdivision Control Law on the condition that the owners of the land install six inch water mains in all of the private ways shown on the plan, without prior ascertainment by the board or the owners of the specifications and requirements as to water mains by the town's water board, that no appeal from the approval was taken, that some time later the water board learned about the plan, required a twelve inch water main in certain of the ways, and refused to supply water to the subdivision until the owners complied with such requirement, and that the owners without compliance then brought a mandamus proceeding against the water board to compel it to furnish water to the subdivision, it was held that the judge correctly ordered the proceeding dismissed.

PETITION for a writ of mandamus filed in the Superior Court on December 11, 1968.

The case was heard by *Good,* J.

*Paul D. DeCenzo* for the petitioners.

*Charles Fuller, Jr.,* Town Counsel, for the respondent.

TAURO, C.J.   This is a petition for a writ of mandamus to compel the water and sewerage board of the town of Medfield (the water board) to furnish water to the petitioners' subdivision.   The trial judge made findings and rulings and ordered that the petition be dismissed.   The petitioners appealed from a judgment of dismissal.

The facts are based principally on a stipulation by the parties and the judge's findings.   The petitioners are owners of a parcel of land in Medfield, the subdivision plan of which

was approved by the town planning board on December 2, 1964. As a condition of approval of the plan, the petitioners were to install six inch water mains in all of the private ways shown on the plan. No appeal from the approval of the plan was taken by "any persons." G. L. c. 41, § 81BB, as appearing in St. 1957, c. 199, § 2. Neither the petitioners nor the planning board ascertained the water board's specifications and requirements prior to the planning board's approval. Some time after approval of the plan, the chairman of the water board by chance learned about the subdivision plan. Thereupon, the water board notified the planning board and the petitioners that a twelve inch water main would be required in certain ways on the petitioners' property. The water board has refused to supply water to the property until the petitioners have complied. The decision requiring a twelve inch main was based upon the advice of consulting engineers and upon such factors as the size of the petitioners' land, the people to be served, the water needs in the town and fire prevention.

The petitioners' basic contention is that the water board has a duty to furnish water to the petitioners' subdivision into mains the size and location of which have been approved by the planning board.[1] Once the planning board has approved a plan, it is contended by the petitioners, the action of the water board is controlled by that action. This has no merit. The facts in *Rounds* v. *Water & Sewer Commrs. of Wilmington,* 347 Mass. 40, are somewhat similar to those in the present case. In that case the developer had obtained approval from a planning board of a subdivision plan and installed two inch water mains in the subdivision. Thereafter, the developer applied to the planning board for an extension of the subdivision to adjacent land. The water board required as a condition for approval of the proposed extension subdivision plan that the two inch main in the original subdivision be replaced by a six inch main.

---

[1] We find it unnecessary to discuss the water board's contention that mandamus is not the proper procedure in this case. See *Rounds* v. *Water & Sewer Commrs. of Wilmington,* 347 Mass. 40.

The extension plan was approved subject to the water board's requirement. The developer refused to comply and brought a petition for a writ of mandamus to compel the water board to furnish service. We held that there was no abuse of discretion by the water board and that the requirement was not unreasonable. The court stated, "The water board's action is not controlled by the action of the planning board, for that board cannot speak for and bind other agencies of the town in matters as to which such agencies have independent responsibility. See *Medford* v. *Fellsmere Realty Co. Inc.* 345 Mass. 477, 481. Doubtless, the water board should work in consultation with the planning board, but the water board must perform properly the duties imposed upon it." *Id.* at 43. The *Rounds* case appears to be dispositive of the instant case.

Moreover, the problem in the present case might not have arisen had the rules and regulations of the planning board been followed.[2] Under these rules and regulations, particularly § VI, C, 2 (see fn. 2), the burden is clearly upon the planning board and the developer to ascertain the requirements of the water board before the approval of a subdivision plan. The trial judge found that neither the petitioners nor the planning board ascertained the specifications and requirements of the water board and he properly concluded that the planning board had no authority to substitute its judgment in this matter for the judgment of the water board. Accordingly, the judge correctly ordered the petition for writ of mandamus to be dismissed.

*Judgment affirmed.*

---

[2] The Rules and Regulations Governing the Subdivision of Land, Planning Board of the Town of Medfield, state in part as follows: Page 1, paragraph 2: "Subdivisions shall comply with the Zoning By-Laws of the Town of Medfield, the requirements of the Water and Sewerage Commissioners, and the Board of Health."

Section I: "No subdivision of land shall be approved by the Board unless all lots therein are provided with public water supply, the specifications and requirements for which shall be as specified by the Water and Sewerage Commissioners."

Section VI, C, 2: "Water mains and their appurtenances must be installed in accordance with the rules of the Water and Sewerage Commissioners, and approved by the Planning Board."