[No. 11308-2-II. Division Two. March 4, 1988.]

UNLIMITED, ET AL, *Appellants,* v. KITSAP COUNTY, ET AL, *Respondents.*

*Joel H. Paget, Craig E. Schuman,* and *Ryan, Swanson & Cleveland,* for appellants.

*C. Danny Clem, Prosecuting Attorney for Kitsap County,* and *Reinhold P. Schuetz, Deputy,* for respondent Kitsap County.

*John F. Mitchell, Anna M. Laurie,* and *Sanchez, Paulson, Mitchell & Laurie,* for respondents Berg, et al.

WORSWICK, J.—This litigation arose out of the exaction by Kitsap County, without compensation, of two property interests as conditions for its issuance of a planned unit development permit. The owners of the proposed development, who style themselves as "Unlimited," challenged these exactions in superior court, and now appeal that court's dismissal by summary judgment of their petition for a writ of certiorari and their related complaint for declaratory relief and damages. We reverse, holding both exactions invalid.

Unlimited owns a 1½–acre parcel of land immediately northwest of the Clear Creek Road/Randall Way intersection in Silverdale. This property is accessible from both Clear Creek Road and Randall Way. The Bergs and Carlsons own an 8.5–acre parcel of property abutting Unlimited's northern boundary; it is accessible only from Clear Creek Road and is now zoned only for residential use. In 1972, the State condemned 2 acres of the Berg/Carlson property, together with general access rights to Clear Creek Road, leaving only a 14–foot access to serve existing homes. Therefore, the Berg/Carlson property is without any access of the kind that would be necessary for commercial development.

In 1977, Kitsap County adopted a comprehensive land use plan that called ultimately for the extension of Randall Way. To implement the plan, the County in early 1985 condemned a strip of property for the extension along Unlimited's southern (Randall Way) boundary. At the same time, the County decided to curve Randall Way to the

south rather than extending it straight as called for by the comprehensive plan, so the condemned strip ran only from the intersection to the curve.

Later in 1985, Unlimited submitted an application for a rezone and a planned unit development, intending to construct a convenience store on the eastern half of its property. Still later in 1985, the County informed Unlimited that it now planned ultimately to extend Randall Way farther west, suggesting, however, that it did not intend to condemn the necessary property.

At the hearing examiner's hearing on Unlimited's application, a Berg/Carlson representative requested that the Berg/Carlson property be given a commercial access to Randall Way across Unlimited's property as a condition for approval. The County's desire to obtain more of Unlimited's property for the western extension of Randall Way was also made known to the hearing examiner. The examiner recommended approval of Unlimited's application, but did not include either exaction as a condition.

The Berg/Carlson interests appealed the hearing examiner's decision to the Kitsap County Board of Commissioners. At the Board's public hearing, they argued that commercial access to their property was necessary to allow circulation of increased traffic anticipated from the future commercial development of their property and surrounding properties. The county engineer and Public Works Department also recommended commercial access from Randall Way to the Berg/Carlson property to prevent serious traffic flow problems based on anticipated future development of the area.

The Board approved Unlimited's application subject to two additional conditions: (1) that Unlimited dedicate a 50–foot public right of way for commercial access to Randall Way from the Berg/Carlson property, and (2) that Unlimited dedicate a strip of property along the southern portion of its property for the future extension of Randall Way along the entire length of Unlimited's property to the west (see sketch). Unlimited would not be compensated for

SITE PLAN
1"=40'

LOT B

RANDALL WAY

Right-of-way extension for
Randall Way extension

50' Access Easement
for Berg property

GAS TANKER TURNING RADII

GAS
ISLANDS

BLDG. A
6,180 SF

RIGHT IN
RIGHT OUT

90 SQ. FT.
POLE SIGN

CLEAR CREEK RD.

either dedication. The necessary short plat required by the development was approved and the planned unit development permit was issued after Unlimited agreed to these conditions under protest.

The arbitrary and capricious test applies to our review, and the precise issue before us is whether the Kitsap County commissioners were arbitrary and capricious in exacting these conditions. *Miller v. Port Angeles,* 38 Wn. App. 904, 691 P.2d 229 (1984), *review denied,* 103 Wn.2d 1024 (1985); *Johnson v. Mt. Vernon,* 37 Wn. App. 214, 679 P.2d 405 (1984); *Murphy v. Seattle,* 32 Wn. App. 386, 647 P.2d 540 (1982). We hold that they were.

 A property interest can be exacted without compensation only upon a proper exercise of government police power. Such power is properly exercised in zoning situations where the problem to be remedied by the exaction arises from the development under consideration, and the exaction is reasonable and for a legitimate public purpose. Unless these requirements are met, the exaction is an unconstitutional taking. *Nollan v. California Coastal Comm'n,* ___ U.S. ___, 97 L. Ed. 2d 677, 107 S. Ct. 3141 (1987); *Miller v. Port Angeles, supra; Gerla v. Tacoma,* 12 Wn. App. 883, 533 P.2d 416, *review denied,* 85 Wn.2d 1011 (1975). *Cf.* RCW 82.02.020; RCW 58.17.110; *Kenart & Assocs. v. Skagit Cy.,* 37 Wn. App. 295, 680 P.2d 439, *review denied,* 101 Wn.2d 1021 (1984).

The requirement of a commercial access to serve the Berg/Carlson property does not even remotely satisfy these requirements. There is no expectation that the Berg/Carlson property is to be developed at the same time as Unlimited's development, or, for that matter, anytime soon. Even if there was, the exaction serves no public interest, let alone a reasonable one. The public has no interest in the commercial development of the Berg/Carlson property, and it is manifestly unreasonable for Kitsap County to exact a commercial access easement to this commercially landlocked parcel as a condition to Unlimited's planned unit development.

There is nothing in the record before us to show that Unlimited's development will make extension of Randall Way necessary. To the contrary, the record discloses that the County has no immediate plans for an extension. Rather, it intends to hold the exacted property until some undefined future time when Randall Way can be extended to connect with other, as yet unbuilt, roads. This uncompensated exaction, too, is invalid. *Miller v. Port Angeles, supra. See also J & B Dev. Co. v. King Cy.,* 29 Wn. App. 942, 949, 631 P.2d 1002 (1981), *aff'd,* 100 Wn.2d 299, 669 P.2d 468 (1983).

We find without merit all contentions other than those discussed in this opinion.

Reversed.

REED, C.J., and ALEXANDER, J., concur.

Reconsideration denied April 11, 1988.

Review denied by Supreme Court September 1, 1988.