GORDON N. POULOS, trustee,[1] *vs.* PLANNING BOARD OF BRAINTREE.

Suffolk. February 5, 1992. - August 13, 1992.

Present: LIACOS, C.J., NOLAN, LYNCH, O'CONNOR, & GREANEY, JJ.

*Subdivision Control*, Approval not required, Frontage on public way, Access ways. *Way*, Public: subdivision control.

Where the existence of a guardrail installed on a public way between the way and the downward slope of a parcel of land owned by the plaintiff prevented "present" adequate access from the way to each of the plaintiff's lots in a proposed division of the parcel, the plaintiff was not entitled to have the plan of the parcel endorsed "approval under the subdivision control law not required," under the provisions of G. L. c. 41, §§ 81L and 81M. [361-362]

· CIVIL ACTION commenced in the Land Court Department on January 17, 1989.

The case was heard by *Robert V. Cauchon*, J.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*Arthur A. Smith, Jr.*, Town Counsel, for the defendant.

*Howard P. Speicher* for the plaintiff.

O'CONNOR, J. The plaintiff owns a parcel of land on Liberty Street, a forty foot wide paved public way, in the town of Braintree. He proposes to divide his property into twelve lots, each of which contains at least fifty feet of frontage on Liberty Street as required by Braintree's zoning by-law. General Laws c. 41, § 81O (1990 ed.), provides that no one may subdivide land in a town in which the subdivision control law, G. L. c. 41, §§ 81K-81GG (1990 ed.), is in effect, as it is in Braintree, without first submitting a plan of the

---

[1] Of Plain Street Realty Trust.

proposed subdivision to the town's planning board for its approval, and receiving it. Chapter 41, § 81P, provides, however, that anyone planning to divide his or her property and who "believes that his plan does not require approval under the subdivision control law, may submit his plan to the planning board . . . and, if the board finds that the plan does not require such approval, it shall . . . endorse thereon . . . the words 'approval under the subdivision control law not required' or words of similar import . . . . Such endorsement shall not be withheld unless such plan shows a subdivision." In this case, the plaintiff submitted a plan to the planning board of Braintree (board) under c. 41, § 81P, and requested the board to endorse on it that the board's approval is not required. The board declined to provide the requested endorsement because of "lack of definition of proper access," and the plaintiff appealed to the Land Court pursuant to G. L. c. 40A, § 17 (1990 ed.), and G. L. c. 41, § 81BB.

After trial, a judge in the Land Court decided that the planning board had exceeded its authority in refusing the requested endorsement. He annulled the board's decision and remanded the matter to the board with instructions that the board endorse the plan as requested. The board appealed and, by a memorandum and order under its rule 1:28, the Appeals Court reversed. We allowed the plaintiff's application for further appellate review. We agree with the Appeals Court, and we reverse the decision of the Land Court judge.

The judge found that "[t]here is a guardrail located within the Liberty Street right of way, approximately seven feet from the boundary of the [plaintiff's land]. As shown on the Lot Division Plan, this guardrail extends from a railroad bridge at the southeasterly corner of [the property], and runs northerly for about 650 feet along Lots No. 1 through 8. It ends approximately midway across the frontage of Lot No. 8. . . . The State Department of Public Works ('State DPW') installed the guardrail on Liberty Street due to the existence of a downward slope between such street and portions of [the property]. It is the policy of the State DPW to remove guardrails when the reason for their installation has been ex-

tinguished . . . . Neither state nor local approval would be
required for [the plaintiff] to regrade [the property], so as to
fill the aforesaid slope. An Order of Conditions authorizing
such filling and construction has been issued to [the plaintiff]
by the Braintree Conservation Commission."

In annulling the planning board's decision, the Land Court
judge reasoned essentially as follows. General Laws c. 41,
§ 81L, provides that "the division of a tract of land into two
or more lots shall not be deemed to constitute a subdivision
within the meaning of the subdivision control law if, at the
time when it is made, every lot within the tract so divided
has frontage on . . . a public way . . . of at least such distance
as is then required by zoning or other ordinance or by-law if
any." In addition, the judge recognized that this court and
the Appeals Court, construing c. 41, §§ 81L & 81M to-
gether, have concluded that, in addition to frontage require-
ments being met, an endorsement that "approval under the
subdivision control law is not required" is inappropriate un-
less there is "adequate access" from the public way to each
of the proposed lots. See *Gifford* v. *Planning Bd. of Nan-
tucket*, 376 Mass. 801, 807 (1978); *Perry* v. *Planning Bd. of
Nantucket*, 15 Mass. App. Ct. 144, 150-151 (1983). The
judge was satisfied that there was adequate access from Lib-
erty Street to the several lots. He concluded that "neither the
slope nor the guardrail constitutes an insurmountable imped-
iment to a finding that adequate access from Liberty Street
to the lots [was] present [because] there [was] no impedi-
ment to [the plaintiff's] filling and regrading the property,
which action [would] result in the removal of the slope, and
hence the extinguishment of any need for the guardrail."

Planning boards may properly withhold the type of en-
dorsement sought here when the "access implied by the
frontage is . . . illusory in fact." *Corcoran* v. *Planning Bd. of
Sudbury*, 406 Mass. 248, 251 (1989), quoting *Fox* v. *Plan-
ning Bd. of Milton*, 24 Mass. App. Ct. 572, 574 (1987). The
plaintiff argues that the access is not illusory in this case be-
cause, as the judge determined, the plaintiff could regrade
the slope, and regrading would result in the DPW's removal

of the guardrail, which would no longer be needed. The plaintiff also argues that, subject to reasonable restrictions, he has a common law right of access from the public way to his abutting lots that would require the DPW to remove the guardrail if it were not to do so voluntarily. See *Anzalone* v. *Metropolitan Dist. Comm'n*, 257 Mass. 32, 36 (1926).

We conclude, as did the Appeals Court, that c. 41, §§ 81L & 81M, read together, do not permit the endorsement sought by the plaintiff in the absence of *present* adequate access from the public way to each of the plaintiff's lots. It is not enough that the plaintiff proposes to regrade the land in a manner satisfactory to the DPW and that the DPW may respond by removing the guardrail. In an analogous situation, the Appeals Court upheld the refusal of a planning board to issue an "approval not required" endorsement where the public way shown on the plan did not yet exist, even though the town had taken the land for future construction of a public street. The Appeals Court concluded that public ways must "in fact exist on the ground" to satisfy the adequate access standard of c. 41, § 81M. *Perry* v. *Planning Bd. of Nantucket*, *supra* at 146, 150-151. While *Perry* dealt with nonexistent public ways, and this case deals with nonexistent ways of access, the principle is the same. There should be no endorsement in the absence of existing ways of access.

In addition, we reject the argument, based on *Anzalone* v. *Metropolitan Dist. Comm'n*, *supra*, that, at least after regrading, the plaintiff would have a common law right of access that would entitle him to the requested endorsement. It is not a *right* of access, but rather actual access, that counts. In *Fox* v. *Planning Bd. of Milton*, *supra* at 572-573, the Appeals Court held that abutting lots had adequate access to a Metropolitan District Commission (MDC) parkway, not merely because the abutter possessed a common law right of access, but because, in addition, the MDC had granted the landowner a permit for a common driveway to run across an MDC green belt bordering the parkway. In the present case, the plaintiff has not received such an approval.

The judgment is vacated. The case is remanded to the Land Court for the entry of a judgment affirming the board's decision.

*So ordered.*