ROSEMARIA SULLIVAN & another,[1] trustees,[2] *vs.* PLANNING BOARD OF
ACTON. No. 93-P-1527. February 1, 1995. *Subdivision Control*, Condi-
tions, Streets. *Zoning*, Conditions, Access to public way. *Easement*.

---

This is the planning board of Acton's (the board's) appeal from a decision of a Land Court judge after a jury-waived trial concerning a sixteen-acre lot at the intersection of Great Road (Route 2A) and Esterbrook Road in Acton.[3] Route 2A is a State arterial highway, and Esterbrook Road is a town public way. On January 29, 1991, the board approved a definitive subdivision plan for the lot proposed by the owners, the DiDuca Family Trust (the trustees), subject to numerous conditions. Only four of the conditions were contested by the trustees. The parties stipulated to all of the relevant facts, and the judge took a view. She held that the conditions were invalid and approved the definitive subdivision plan without them.

The four conditions are: (1) reservation of an easement along Esterbrook Road for the construction of an additional lane of traffic from Route 2A to the proposed subdivision road (Farm Hill Road); (2) construction of an additional travel lane on Route 2A, at its intersection with Esterbrook Road, from both directions; (3) creation of a traffic signal justification study for the intersection and, if required, payment by the trustees for installation of the signal; and (4) prohibition of "curb cuts"[4] along Route 2A unless the net floor area of the subdivision devoted to business use is greater than 40,000 square feet, in which case only right-hand vehicle exit turns would be permitted. The first three conditions would apply only if the subdivision were to be used for business purposes. The planning board concedes that the two conditions concerning improvements to Route 2A require the approval of the Department of Public Works (department)[5] and, therefore, these conditions must be construed only to require the trustees to submit proposals to the department.

The Subdivision Control Law, G. L. c. 41, §§ 81K-81GG, inclusive, constitutes a "comprehensive statutory scheme designed for the safety, convenience and welfare of the inhabitants of the cities and towns." *Costanza & Bertolino, Inc.* v. *Planning Bd. of N. Reading,* 360 Mass. 677, 679 (1971). A planning board's rejection of a proposed subdivision must be based on particular subdivision regulations, *MP Corp.* v. *Planning Bd. of Leominster,* 27 Mass. App. Ct. 812, 821 (1989), that are "comprehensive, reasonably definite, and carefully drafted." *Castle Estates, Inc.* v. *Park & Planning Bd. of Medfield,* 344 Mass. 329, 334 (1962). See *Nahigian* v. *Lexington,* 32 Mass. App. Ct. 517, 523 (1992) (upholding regulations where reasonable owner would understand its terms).

---

[3]This case was tried with the trustees' action to invalidate the rezoning of the portion of the lot abutting Route 2A. See *Sullivan* v. *Acton, ante* 113 (1995). Nothing in that case affects the trustees' right to develop the lot in accordance with preexisting zoning under the "grandfather" provisions of G. L. c. 40A, § 6.

[4]"Curb cuts" are breaks in the curbing for purposes of a driveway or other access. See Newman, The "New" Curb-Cut Permits: Highway Access and Environmental Regulation, 35 Boston Bar Journal 25 (1991).

[5]The Department of Public Works is now known as the Department of Highways. G. L. c. 81, § 1, as inserted by St. 1991, c. 552, § 43.

Here, the board cited two subdivision regulations of the town of Acton as authority for the conditions. Regulation 8.1.6 provides, in relevant part, that the "BOARD may require appropriate and reasonable improvements in adjacent STREETS and WAYS to minimize congestion, to insure safe and adequate access to the proposed SUBDIVISION, and to insure safe and adequate vehicular and pedestrian travel in a coordinated system of STREETS and WAYS in Acton." Regulation 8.1.8 states that, "[w]here a SUBDIVISION abuts or contains an existing or proposed ARTERIAL HIGHWAY, the BOARD may also require MARGINAL ACCESS STREETS, reverse frontage . . ., deep LOTS with rear service alleys, or such other treatment as may be necessary for adequate protection of residential properties and to afford separation of through and local traffic." The capitalized terms have designated meanings within the regulations.

1. *Improvements to Route 2A.*

a. *Widening Route 2A and traffic signal justification study.* We agree with the judge that nothing in the applicable statute or regulations gives the board the authority to order improvements to a State arterial highway. Within the context of the regulations, the words "street," "way," and "arterial highway" have distinct and specialized meanings. Therefore, there is no merit to the board's contention that Regulation 8.1.6 concerning improvements to "streets" and "ways" authorizes conditions requiring improvements to "highways." Nor is authority for the conditions to be found in Regulation 8.1.8, which contemplates measures the board might take to protect a subdivision's residential properties from an arterial highway's traffic and "to afford separation of through and local traffic." The courts, moreover, have not interpreted the Subdivision Control Law to allow the board "to impose a condition the performance of which lies entirely beyond the applicant's power." *V.S.H. Realty, Inc.* v. *Zoning Bd. of Appeals of Plymouth*, 30 Mass. App. Ct. 530, 534 (1991). See *Garabedian* v. *Water & Sewerage Bd. of Medfield*, 359 Mass. 404, 406 (1971) (concluding that planning board had no authority to substitute its judgment for that of the town's water board in determining water main requirements).

As noted, the board conceded that, at most, the trustees may be required to submit plans to the department for improvements to Route 2A. Even so, the conditions are invalid because they relate to work to be performed based upon "a governmental decision beyond the control of [the trustees]." *V.S.H. Realty, Inc.* v. *Zoning Bd. of Appeals of Plymouth*, 30 Mass. App. Ct. at 534. See G. L. c. 81, §§ 8, 21. Contrast *Miles* v. *Planning Bd. of Millbury*, 29 Mass. App. Ct. 951, 954 (1990).

b. *Prohibition of curb cuts on Route 2A.* The trustees would be required both to seek a permit from the department and to pay for any resurfacing of Route 2A necessitated by the curb cuts. G. L. c. 81, § 21. However, because, with very limited exceptions not applicable here, the department has the exclusive authority to regulate excavations or driveway openings

onto any State highway, G. L. c. 81, § 21, we do not think the judge erred in ruling that the curb cuts condition was invalid.

2. *Reservation of easement on Esterbrook Road.* It was within the board's authority to require the trustees to grant an easement abutting Esterbrook Road for construction of an additional lane of traffic. The additional lane would serve traffic entering and leaving the subdivision by providing a "turning lane" into the subdivision. The condition serves the purposes of G. L. c. 41, § 81M, and is specifically authorized by Regulation 8.1.6. Thus, it was permissible for the board to consider the adequacy of Esterbrook Road, an adjacent way outside of the proposed subdivision. *North Landers Corp.* v. *Planning Bd. of Falmouth,* 382 Mass. 432, 437 (1981). *Miles* v. *Planning Bd. of Millbury,* 29 Mass. App. Ct. at 953. The judge held that the condition violated the requirement that "no planning board shall impose, as a condition for the approval of a plan of a subdivision, that any of the land within said subdivision be dedicated to the public use, . . . for use as a public way, . . . or for any other public purpose, without just compensation to the owner thereof." G. L. c. 41, § 81Q (1992 ed.). This prohibition would apply where a planning board requires a subdivision applicant to grant land for a public purpose unrelated to adequate access and safety of the subdivision. *Young* v. *Planning Bd. of Chilmark,* 402 Mass. 841, 845-847 (1988). It would not, however, prohibit a planning board's reasonable regulation of adequate access to a subdivision. See *McDavitt* v. *Planning Bd. of Winchester,* 2 Mass. App. Ct. 806, 807 (1974). See also *Patel* v. *Planning Bd. of N. Andover,* 27 Mass. App. Ct. 477, 480 (1989) (noting that planning board was well within its authority in reserving easement across subdivision lot for access to future subdivision of abutting property).[6]

Accordingly, the judgment shall be modified to declare that the condition concerning Esterbrook Road is valid; in all other respects, the judgment is affirmed.

*So ordered.*

*Acheson Callaghan* for the defendant.
*Louis N. Levine* (*F. Alex Parra* with him) for the plaintiffs.

---

[6]We need not consider whether the condition amounted to an unconstitutional taking of the trustees' property without just compensation under the Fourteenth Amendment to the United States Constitution. In the Land Court, the trustees' taking argument was based solely on the language in G. L. c. 41, § 81Q. In any event, there was no constitutional violation. See *Nollan* v. *California Coastal Commn.,* 483 U.S. 825, 836-840 (1987); *Dolan* v. *Tigard,* 114 S.Ct. 2309, 2318 (1994); *Steinbergh* v. *Cambridge,* 413 Mass. 736, 747 (1992), cert. denied, 508 U.S. 909 (1993).