Cowin, J.
This matter is before the Court on plaintiff Jane Lordan’s (“Lordan”) appeal under G.L.c. 41, §81BB of a decision of the Planning Board of the City of Woburn (“Board”).[3] Lordan challenges the Board’s approval of a definitive subdivision plan entitled “Plan of Land Off Ledgewood Road, Woburn, MA” submitted to the Board by defendant Country Club Apartments Trust (“Trust”). Lordan claims that the Board should have required the Trust to continue an existing street within the subdivision to her allegedly land-locked parcel and that the Board improperly refused to condition approval of the Trust’s subdivision plan on this continuation. The Trust now moves for summary judgment and Lordan opposes the motion. For the reasons discussed below, summary judgment is granted in favor of defendant Trust and the decision of the Board is affirmed.
BACKGROUND
On August 18, 1994, the Board approved a five-lot subdivision plan submitted by the Trust. The subdivision includes a cul-de-sac street within it named Fairway Drive. Access to Fairway Drive is to be from Ledgewood Road. At the time of approval, the Board’s *436 rules and regulations for the subdivision of land contained the following provision:
If adjoining property is not subdivided but is, in the opinion of the Board, suitable for ultimate development, provision shall be made for proper protection of streets into such property by continuing appropriate streets within the subdivision to the exterior boundary thereof.
Land Subdivision Rules and Regulations §III.B.l.g.
Lordan owns approximately 15 acres of land adjacent to the proposed subdivision. Lordan’s land is not subdivided but is suitable for ultimate development. Lordan informed the Board during the hearing process that her property is land-locked, having no access or egress by public or private way, easement, right-of-way or other legally cognizable right of access. She demanded the protection of §III.B.l.g. The Board, however, approved the Trust’s plan and declined to apply §III.B.l.g to the Lordan property on the ground that its application would violate “the 1994 U.S. Supreme Court Decision on Land Takings.” Woburn Planning Board, Fairway Drive — Definitive Subdivision Approval, dated August 18, 1994. Lordan alleges that the Board erred in failing to comply with §III.B.l.g by not requiring that the proposed street within the subdivision (Fairway Drive) be extended to the exterior boundary of her property. Lordan also contends that the Board improperly waived the application of §III.B.l.g.
DISCUSSION
“It is well settled that the duties of the Superior Court in hearing and deciding appeals under [G.L.c. 41] §8 IBB are to conduct a hearing de novo, find the relevant facts, and, confining its review to the reasons stated by the planning board for its disapproval [or approval] of the subdivision plan, determine the validity of the board’s decision." Fairbairn v. Planning Board of Barnstable, 5 Mass.App.Ct. 171 (1977) (citation omitted). The burden is on the appellants to show that the planning board acted improperly in approving the subdivision plan. Selectmen of Ayer v. Planning Board of Ayer, 3 Mass.App.Ct. 545, 548 (1975).
Defendant Trust seeks summary judgment in this matter. Summary judgment shall be granted where there are no genuine issues as to any material fact and where the moving party is entitled to judgment as a matter of law. Kourouvacilis v. General Motors Corp., 410 Mass. 706,716 (1991); Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Mass.R.Civ.P. 56(c). Where “in essence there is no real dispute as to the salient facts or if only a question of law is involved,” summary judgment shall be granted to the party entitled to judgment as a matter of law. Cassesso, supra at 422.
The sole issue raised by this appeal is the application of §III.B.l.g in the light of recent Supreme Court decisions on the issue of land takings. This Court concludes that the Board properly refused application of glll.B.l.g to prevent an unconstitutional taking of the Trust’s property.
The U. S. Supreme Court in Nollan v. California Coastal Commission, 483 U.S. 825 (1987), and more recently in Dolan v. City of Tigard, 114 S. Ct. 2309 (1994), addressed the issue of takings in a land use context.[4] In Nollan, the California Coastal Commission sought to condition the Nollan’s land use permit on their granting of a public easement. The easement was designed to allow the public to pass across the Nollan’s beach in order to access public beaches on either side. The Commission argued that the public purpose of the permit condition was to protect visual access to the beach, overcome the “psychological barrier’’ to using the beach created by developed shoreffont property, and to prevent beach congestion. Id. at 835. The Court stated that the imposition of such a condition would be lawful and not effect a taking if it substantially advanced a legitimate state interest and an “essential nexus” existed between that interest and the permit condition exacted. Id, at 834-37. The Court held that even assuming that the articulated interests constituted valid governmental purposes, there was no essential nexus between the interests and the condition imposed. Id. at 838-39. Allowing lateral access across the Nollan’s beach property would not further any of the stated purposes of the easement. Id, at 838.
In 1994, the Supreme Court again addressed the issue of takings in the land use context. In Dolan v. City of Tigard, supra, the Court addressed the question left open by Nollan of the required degree of connection between the exactions imposed by the governmental entiiy and the projected impact of the proposed development. Id. at 2312. The Court adopted a “rough proportionality” test as the one that satisfies the requirement of the Fifth Amendment. Precise mathematical computation is not required, but the government must make an “individualized determination that the required dedication is related both in nature and extent to the impact of the proposed development.” Id. at 2319-20. In Dolan, the City attempted to condition the issuance of a building permit on the property owner’s dedication of a greenway within a floodplain for storm drainage improvements and the dedication of additional land for a pedestrian/bicycle pathway. Applying the standards articulated in Nollan, the Court recognized the City’s legitimate interest in flood control and reduction of traffic congestion. Id. at 2318. The Court also acknowledged the existence of a nexus between the required land dedications and the stated governmental purposes. Id. However, the Court went on to conclude that the Cily had not met its burden to prove that the required dedication was related both in nature and extent to the impact of the proposed development. Id. at 2319-20. The City’s requirement of a public greenway in the interest of flood control was over-extensive when the identical purpose could be advanced by a private greenway. Id. at 2320. *437 Additionally, the City had not met its burden of showing that the increased number of vehicle and bicycle trips generated by the petitioner’s development were reasonably related to the requirement for a dedication of a pedestrian/bicycle pathway. The Court concluded that while the City’s goals were laudable, there were outer limits as to how these goals could be accomplished. Id. at 2322. The “strong public desire to improve the public condition will not warrant achieving the desire by a shorter cut than the constitutional way of paying for the change.” Id., quoting Pennsylvania Coal Co. v. Mahon, 260 U.S. 393, 416 (1922).
The principles articulated in Nollan and Dolan have recently been applied by the Florida and Washington Courts of Appeals in situations which are factually analogous to the case at bar. In Paradyne v. State, Dept. of Transportation, 528 So.2d 921 (1988), review denied, 536 So.2d 244 (1988), the Florida Court of Appeals disapproved a state agency’s order requiring Paradyne to construct a drive on its private property for the use and benefit of the abutting landowner as an invalid exercise of the state’s police power. Id. at 923. The stated purpose for the order, which was a condition imposed upon a road connection permit, was to further the safety of the traveling public. Id. at 927. The Court concluded that there was no essential nexus between the stated purpose and the condition imposed, which simply furthered the private interests of an abutting landowner. Id. at 927. As such, the condition could not withstand constitutional scrutiny as it clearly amounted to a taking without just compensation. Id. See also Schwing v. Baton Rouge, 249 So.2d 304 (La. App.), application denied, 259 La. 770, 252 So.2d 667 (1971) (refusal to approve resubdivision unless subdivider included within plan a dedication of area sufficient to accommodate extension of street to the primary benefit of the public violated constitutional prohibition against taking private property for public use without due compensation); Howard County v. JJM, Inc., 301 Md. 256, 482 A.2d 908 (1984) (in order to exact from developer a setting aside of land for highway purposes there must be a reasonable nexus between the exaction and the proposed subdivision); Simpson v. North Platte, 206 Neb. 240, 292 N.W.2d 297 (1980) (city may require dedication of public areas, but cannot under guise of police power take private property for public use without just compensation); Hylton Enterprises v. Board of Supervisors, 220 Va. 435, 258 S.E.2d 577 (Va. 1979) (no implied or express authority for county to require developer to construct portions of route that abutted subdivision as prerequisite to approval of subdivision plat).
In Unlimited v. Kitsap Cty., 750 P.2d 651 (1988), the Washington Court of Appeals came to a similar conclusion in another case involving an easement in favor of an abutting landlocked property owner. In that case, the Kitsap County Board of Commissioners conditioned the approval of Unlimited’s building permit on the dedication of a public right of way across Unlimited’s property to allow the abutting landowner access to public roads. The stated purpose of the condition was to allow circulation of increased traffic anticipated from the future commercial development of the abutter’s land and other surrounding properties. Id, at653. The Court held that this requirement of commercial access to the abutting property did not “even remotely satisfy” the requirements of Nollan Id, at 653. The Court stated that the exaction of the right-of-way served “no public interest, let alone a reasonable one.” Id. at 653-54. The Court said that the public had no interest in the commercial development of the abutter’s property. Thus, it was clearly unreasonable for the County to require a commercial access easement to the commercially landlocked parcel as a condition to Unlimited’s planned development. Id. at 654.
Like Paradyne and Unlimited, the instant case presents a situation in which an owner of land-locked property seeks the imposition of permit conditions on the development of neighboring property in order to gain access to public roads. Lordan argues that the standards articulated in Nollan and Dolan do not prevent the imposition of the condition at issue in this case because §III.B.l.g also has the public purpose of protecting the safety, convenience and welfare of the residents of Woburn by coordinating public ways between properties. However, even assuming that this is true, there is no evidence that the general goal of coordination of public ways requires the extension of a public street across the Trust’s private property for the benefit of the Lordan parcel. To impose such a condition the City would be required to “make some sort of individualized determination” that the required [condition] is related both in nature and extent to the impact of the proposed development." Dolan v. City of Tigard, supra (emphasis added). There is no evidence that any anticipated impact of the proposed subdivision necessitates the construction of a street extension. Nothing in the record indicates that a street extension would serve any interest other than the private interest of the plaintiff.
In support of her opposition to summary judgment, the plaintiff primarily relies on a decision of the Supreme Judicial Court, Lyman v. Planning Board of Winchester, 352 Mass. 209 (1967), and two Massachusetts Appeals Court opinions, Patel v. Planning Board of North Andover, 27 Mass.App.Ct. 477 (1989), and Sullivan v. Planning Board of Acton, 38 Mass.App.Ct. 918 (1995). The Court did not consider the takings issue in either Patel or Lyman. Moreover, Lyman predates Nollan. Sullivan involved a challenge to a planning board’s authority to condition approval of a subdivision plan on reservation of an easement for construction of an additional lane of traffic. The additional lane was needed to serve traffic entering and leaving the subdivision by providing a “turning lane” into the subdivision. Despite the fact that the takings issue was not raised, the Court stated in a footnote *438 that the reservation of an easement in this case did not constitute a constitutional violation. Sullivan, supra at 921, n. 6. Although the Court did not explain its reason for so concluding, Sullivan is clearly distinguishable from the instant case in that the easement in Sullivan was related in nature and extent to the impact of the proposed subdivision.
While the goal of safe and orderly coordination of public ways is commendable, the Board appropriately determined that, in the instant case, it cannot achieve this goal without a proper exercise of the power of eminent domain. As a matter of law, Lordan has not met her burden to show that the Board acted improperly in approving the Trust’s subdivision plan without an access easement or requiring continuation of the street. Under the guidance of Nollan, Dolan, Unlimited and Paradyne, and on the record before the Court, the plaintiff has not shown that the development has created any problem or aggravated an existing problem.[5] In light of the foregoing analysis, Lordan’s claim that the Board did not validly waive §III.B. l.g has no merit. The Board is not required to apply its regulations in a manner which would result in an unconstitutional taking of the Trust’s land.
ORDER
For the foregoing reasons, it is hereby ORDERED that defendant Country Club Apartments Trust’s motion for summary judgment be ALLOWED. It is further ORDERED that the decision of the Planning Board of the City of Woburn approving the definitive subdivision plan entitled “Plan of Land Off Ledgewood Road, Woburn, MA” be AFFIRMED.

G.L.c. 41, §81BB states in pertinent part: “Any person, whether or not previously a party to the proceedings, aggrieved ... by any decision of a planning board concerning a plan of a subdivision of land . . . may appeal to the superior court for the county in which said land is situated . . .’’

The Takings Clause of the Fifth Amendment of the U.S. Constitution, made applicable to the States through the Fourteenth Amendment, provides “nor shall private property be taken for public use, without just compensation." The issue presented here is under what circumstances may the government exact property concessions through land-use regulations without effecting a taking and providing just compensation to the property owner.

The plaintiff is not left without remedy. To gain access rights over Trust land, the plaintiff may seek private agreement with the Trust. The recent cases make clear that municipal authorities are not to adjust private property rights in the name of land-use regulations.