WILLIAM F. ABBOTT & another[1] vs. BOARD OF WATER AND
SEWER COMMISSIONERS OF HOPKINTON.

No. 95-P-1222.

Middlesex. March 28, 1996. - May 29, 1996.

Present: PERRETTA, KASS, & JACOBS, JJ.

*Sewer. Municipal Corporations,* Sewers, Water commissioners. *Subdivision Control,* Planning board, Municipal services.

The owners of thirteen lots of subdivided property were not entitled to a connection to an intermunicipal sewer system where the pipe to which connection was sought was not part of the common sewer; nor did the lots abut a way in which a common sewer had been laid so as to fall within the provisions of G. L. c. 83, § 3; and the approval of the subdivision by the planning board did not obviate the necessity of approval of the proposed connection by the sewer commission. [496-498]

CIVIL ACTION commenced in the Superior Court Department on May 6, 1994.

The case was heard by *Judith A. Cowin,* J., on motions for summary judgment.

*Alan Greenwald* for the plaintiffs.

*Laurence A. Faiman,* Town Counsel, for the defendant.

JACOBS, J. In this action in the nature of mandamus pursuant to G. L. c. 249, § 5, the plaintiffs seek to compel the defendant board to issue sewer connection permits for thirteen lots within a subdivision owned by them. Acting on cross motions for summary judgment, a Superior Court judge ruled in favor of the board. We affirm that judgment.

The summary judgment record establishes the following undisputed facts: The plaintiffs are owners of an approved subdivision in Hopkinton known as Elmwood Farms III. Each of the thirteen lots in question is adjacent to a way within the subdivision known as Blueberry Lane which

---

[1]Rose G. Abbott.

intersects Kerry Lane, a way within Hopkinton that contains a public sewer. Between the subject lots and Kerry Lane are located twenty other subdivision lots owned by the plaintiffs, each of which also is adjacent to Blueberry Lane. In 1990, the plaintiffs received permission from the board to extend the municipal sewer from Kerry Lane through so much of Blueberry Lane as is adjacent to the twenty lots, with the board noting that "[a]ny future development will be subjected to hookup policies not yet determined by the Board." On July 30, 1992, the plaintiffs submitted plans to the board for water and sewer service to the subdivision and subsequently were informed by the board that it "does not anticipate being in a position to approve sewer service beyond the 20 lots in the near future. We will not approve any construction plans that extend the lines beyond the approved 20 lots." Later in 1992, the plaintiffs requested and obtained a release from the Hopkinton planning board of the requirements of G. L. c. 41, § 81U, with respect to the twenty lots. The planning board conditioned this release on the installation of water and sewer lines along the full length of Blueberry Lane. During this process, the plaintiffs were advised on several occasions by the board that it was not in a position to grant sewer connection permits for any lots other than the twenty lots and the plaintiffs indicated that they were aware that any construction of the sewer line beyond the twenty lots was at their own risk. Notwithstanding several further communications from the board in 1993 that no sewer permits would be given for lots other than the twenty lots, the plaintiffs installed a sewer line in that portion of Blueberry Lane adjacent to the thirteen lots. That line never has been accepted, or designated as a common sewer, by the board pursuant to G. L. c. 83, § 1. In March of 1994, the plaintiffs applied to the board for permits to connect the thirteen lots to that line. Upon denial of that application, they filed this action.

Prior to these events, the towns of Hopkinton and West-borough, in 1986, entered into agreements pursuant to G. L. c. 40, § 4A, for the disposal of sewage generated in certain designated areas of Hopkinton at the Westborough treatment plant. The sewer line servicing the twenty lots is connected to the intermunicipal system. The plaintiffs argue that the thirteen lots are encompassed within the intermunicipal agreements and that under this court's decision in *K. Hovnanian at*

*Taunton, Inc.* v. *Taunton,* 37 Mass. App. Ct. 639 (1994), their right to connection permits is controlled by those agreements and not by G. L. c. 83, § 3,[2] and that they, therefore, are entitled to the permits since the intermunicipal system has ample capacity to handle any sewage generated by those lots.

Notwithstanding whether the thirteen lots are encompassed by the intermunicipal agreements, the plaintiffs' argument skirts the fact that they seek permits to connect to a sewer line that is not a common sewer, but is rather a pipe installed by the private developer without benefit of municipal approval. By its terms, G. L. c. 83, § 3, governs connections to common sewers, and not to private lines that may be connected to public sewers, unless those lines have received municipal approval under the authority of G. L. c. 83, § 1. The right and necessity of such municipal superintendence is clear. See G. L. c. 40, § 21(5), and G. L. c. 83, § 10. See also *Leominster* v. *Conant,* 139 Mass. 384, 386 (1885); *P & D Serv. Co.* v. *Zoning Bd. of Appeals of Dedham,* 359 Mass. 96, 102 (1971). The town of Hopkinton has placed the responsibility for such superintendence in the defendant board, and the plaintiffs concede that the planning board's conditioning its approval upon the installation of a private sewer line in the way adjacent to the thirteen lots did not obviate the necessity

---

[2]General Laws c. 83, § 3, provides:

"The board or officers of a city or town having charge of the repair and maintenance of sewers may, upon request of the owner of land and payment by him of the actual cost thereof, construct a particular sewer from the street line to a house or building. A town may appropriate money for connecting estates within its limits with common sewers, and no estate shall, in any year in which such an appropriation is made, be connected with a common sewer except in the manner hereinafter provided. If bonds or notes are issued to pay the cost of making such connections, the assessments provided for in section twenty-four shall be applied to the payment of such bonds or notes. If the board of health of a town making such appropriation shall order land abutting upon a public or private way in which a common sewer has been laid to be connected with such sewer, or if the owner of such land shall make to the board or officer having charge of the maintenance and repair of sewers application to connect his land with a common sewer, such board or officer shall make such connection."

for approval of the line by the defendant board. See *Garabedian* v. *Water & Sewerage Bd. of Medfield*, 359 Mass. 404, 405-406 (1971). The plaintiffs' suggestion that they are entitled, as owners of a parcel which abuts a common sewer (located in the ways adjacent to the twenty lots), to connect the thirteen lots to that common sewer is incorrect in view of the subdivision of that parcel into separate lots and the mandate of G. L. c. 83, § 3, that land to which connection is to be made must abut upon a "way in which a common sewer has been laid." The holding in *Clark* v. *Board of Water & Sewer Commrs. of Norwood*, 353 Mass. 708, 710 (1968), is not to the contrary. To permit planning board approval of a subdivision to create a right to connect certain lots in that subdivision with a private line which has been attached, without approval under c. 83, to a common sewer abutting other subdivision lots improperly accords to a planning board authority over a municipal sewage system which, in the case of Hopkinton, has not been delegated to it. See *Rounds* v. *Board of Water & Sewer Commrs. of Wilmington*, 347 Mass. 40, 43 (1964) ("The water board's action is not controlled by the action of the planning board, for that board cannot speak for and bind other agencies of the town in matters as to which such agencies have independent responsibility").

Similarly, the circumstance that the right to connect into an intermunicipal sewer system may be governed by agreements of the participating municipalities, see *K. Hovnanian at Taunton, Inc.* v. *Taunton, supra* at 644, does not relieve an applying party from the requirement that the connection be made directly to a common sewer of one of those participants. A contrary rule could defeat the ability of municipalities properly to plan and supervise this essential service. There is nothing in *K. Hovnanian* to suggest that the connection in issue was to other than a common sewer.[3]

*Judgment affirmed.*

---

[3]Our review of the record in *K. Hovnanian* reveals that a finding that the line to which the connection was sought was a common sewer was not contested before us.