48 Mass. App. Ct. 403 (2000)                    403

Hobbs Brook Farm Property Company Limited Partnership *v*. Planning Board of Lincoln.

Hobbs Brook Farm Property Company Limited
Partnership *vs*. Planning Board of Lincoln.

No. 98-P-1260.

Suffolk. October 15, 1999. - January 4, 2000.

Present: Kass, Kaplan, & Gelinas, JJ.

*Subdivision Control,* Approval not required, Frontage on public way, Access
ways, Decision of planning board. *Way,* Public: subdivision control.

A plan filed under G. L. c. 41, § 81P, was entitled to an endorsement that
planning board approval under the subdivision law was not required,
where each lot in the plan afforded practical and efficient access to a public
way as required by the applicable zoning by-law. [405-407]

Civil action commenced in the Land Court Department on
May 16, 1997.

The case was heard by *Mark V. Green*, J., on motions for
summary judgment.

*Franklin C. Huntington, IV*, for the defendant.

*Thomas Frisardi* for the plantiff.

Kass, J. As in the case reported immediately before this one,[1]
the question presented is whether a plan filed under G. L. c. 41,
§ 81P, for an endorsement that approval under the subdivision
law is not required, shows requisite access on a public way. In
the preceding case we discussed the operation of § 81P, the
general purpose of subdivision control, and the cases which
considered whether an approval not required ("ANR") plan
showed practical and efficient access to a public way or showed
access that was so barred and impractical as to be nonexistent,
i.e., illusory. We do not repeat that discussion in the instant
case, in which we conclude, as did a judge in the Land Court,
that there are neither legal nor physical barriers to the access
shown on the submitted plan, and that the landowner is entitled
to an ANR endorsement.

[1]See *Gates* v. *Planning Bd. of Dighton, ante* 394 (2000).

1. *Facts.* Hobbs Brook Farm Property Company Limited Partnership (Hobbs Brook) owns approximately 45 acres of land in Lincoln abutting the Concord Turnpike (State Route 2) along its northerly boundary for a distance of 2,054 feet. The ANR plan that Hobbs Brook submitted to the planning board of Lincoln (planning board) showed a division of the locus into five lots, each with at least the 120-foot minimum frontage required by Lincoln's zoning by-law. Route 2, as it passes along the locus, is not a limited access highway.[2] Indeed, a principal in Hobbs Brook lives with her family in a 300 year old house on the parcel shown as lot 1 of the ANR plan, and the occupants of that house enter and leave by a driveway that feeds into Route 2.

In the case of lots 2 through 5, the frontage on Route 2 is partially obstructed by a metal guardrail or concrete Jersey barrier. The lots have unobstructed access as follows: lot 2, thirty feet; lot 3, sixty-one feet; lot 4, eighty-seven feet; and lot 5, twenty-two feet. Those unobstructed frontages accommodate all kinds of motor vehicles, although the twenty-two foot frontage for lot 5 falls below the Massachusetts Department of Highways (MDH) standard that a driveway be twenty-nine feet. Hobbs Brook had not obtained any curb cut permits from the MDH before the submission of the ANR plan to the planning board. Indeed, MDH had advised Hobbs Brook that it would not issue a curb cut permit until the town had approved a definitive subdivision plan.

The planning board refused to endorse the ANR plan on the grounds that (1) access to Route 2 was "extraordinarily unsafe and dangerous and should not be permitted"; (2) guardrails, Jersey barriers, and Cape Cod berms[3] might impede access along the full length of the 120 feet required as frontage by the Lincoln zoning by-law; and (3) the owner Hobbs Brook had not obtained curb cut permits from the MDH. Hobbs Brook sought review in the Land Court. Acting on cross motions for summary judgment, a judge of that court wrote a careful and thorough

---

[2]From Interstate Route 95 (also known as State Route 128) to the Alewife rotary in Cambridge, where it merges with State Route 16, Route 2 is a limited access highway. Route 2 is also a limited access highway at other points along its long run to Williamstown. See, e.g., *Wenton* v. *Commonwealth*, 335 Mass. 78 (1956).

[3]The Land Court judge describes a "Cape Cod" berm as an asphalt curb four inches high and one foot wide at the edge of the gutter area at the side of the driveway.

memorandum of decision, from which we have drawn most of the facts we have described. In that memorandum, the judge surveyed the decisional law and concluded that all of the Hobbs Brook lots afforded access to a public way within the meaning of G. L. c. 41, §§ 81L and 81P, and that the planning board, had, therefore, acted beyond its authority when it denied the Hobbs Brook plan an ANR endorsement. There was an entry of judgment to that effect and the planning board appealed.

2. *Discussion.* None of the reasons the planning board advanced for denying the § 81P endorsement is legally tenable. Traffic managers might prefer that Route 2, on which traffic is fast and often heavy, not be further perforated by driveways that feed vehicles onto it, but that qualitative question is not a proper subject for planning board concern in the context of the ANR process. See *Gallitano* v. *Board of Survey & Planning of Waltham,* 10 Mass. App. Ct. 269, 272-273 (1980); *Hutchinson* v. *Planning Bd. of Hingham,* 23 Mass. App. Ct. 416, 418-421 (1987); *Sturdy* v. *Planning Bd. of Hingham,* 32 Mass. App. Ct. 72, 76 (1992).

Especially instructive is *Fox* v. *Planning Bd. of Milton,* 24 Mass. App. Ct. 572 (1987). In that case, lots on an ANR plan were separated from the traveled way of the Neponset Valley Parkway by a green belt. Just as curb cuts into a State highway are subject to the regulation by the MDH, G. L. c. 81, § 21, *Sullivan* v. *Planning Bd. of Acton,* 38 Mass. App. Ct. 918, 920-921 (1995), curb cuts and driveways through the green belt were subject to reasonable regulation by the Metropolitan District Commission (commission). *Fox* v. *Planning Bd. of Milton, supra* at 572-573. We held in *Fox* that, as landowners have a common law right of access to public ways they abut, *id.* at 574,[4] the requirement that one obtain permission from the commission to make a curb cut and to build a driveway across the green belt did not constitute a physical or legal barrier to access. *Ibid.* Securing permission is a necessary step to be taken in the development process, but it is not the business of a planning board to anticipate that the grant of the requisite permit by the responsible governmental body would be improvident or might not occur. Moreover, the power to regulate curb cuts under G. L. c. 81, § 21, does not include the power to bar ac-

---

[4]See also *Anzalone* v. *Metropolitan Dist. Commn.,* 257 Mass. 32, 36 (1926) ("Access to a public way is one of the incidents of ownership of land bounding thereon").

cess to an abutter completely. *Wenton* v. *Commonwealth*, 335 Mass. 78, 80 (1956).[5]

As to the guardrails, Jersey barriers, and Cape Cod berms, those partial obstructions do not have the physical barrier effect described in *Poulos* v. *Planning Bd. of Braintree*, 413 Mass. 359 (1992). In that case, not only was there a guardrail along almost the entire frontage of eight of twelve lots shown on the ANR plan, there was also a sharp drop in the grade of land behind the guardrail. Indeed, the purpose of the guardrail was to prevent motor vehicles from careering down that slope. The slope, with permission already obtained from the Braintree conservation commission, could be regraded but, all in all, there were too many contingencies, and the abutting landowner did not have "*present* adequate access from the public way . . . ." *Id.* at 362. Here, by comparison, there exists present adequate access to each of the lots. It is simply not correct, as the planning board argues, that the entire frontage required for a lot under Lincoln's zoning by-law must be unobstructed. The by-law makes no such statement. Moreover, the purpose of the minimum frontage requirement in zoning codes deals with the spacing of buildings and the width of lots as well as access. For purposes of access, it is worth remembering, twenty feet is the minimum frontage required by c. 41, § 81L, although we do not intimate that the MDH or other authority having jurisdiction may not impose a higher standard.

Access in the instant case is subject only to a permit that the MDH is bound to grant with reasonable conditions. That access could be improved, particularly on lot 5, were the MDH to remove (or authorize Hobbs Brook to remove) portions of guardrail, Jersey barrier, or berm. As to Hobbs Brook not having the curb cut permits in hand, the *Fox* decision laid to rest the notion that first obtaining a permit of that kind, or obtaining other sorts of governmental approvals needed to obtain a building permit, was a prerequisite to endorsement of an ANR plan. *Fox* v. *Planning Bd. of Milton*, 24 Mass. App. Ct. at 573-574. See *Corcoran* v. *Planning Bd. of Sudbury*, 406 Mass. 248, 249-

---

[5]The MDH may lay out a State highway as a limited access way and thereby cut off the easement of access that abutters enjoy. The Commonwealth is liable to pay eminent domain compensation to landowners whose lands are damaged by having easements of access snuffed out. G. L. c. 81, § 7C. When frontage is on a limited access highway, access is legally unobtainable and a planning board may withhold ANR endorsement on that ground. *Hrenchuk* v. *Planning Bd. of Walpole*, 8 Mass. App. Ct. 949 (1979).

251 (1989); *Smalley* v. *Planning Bd. of Harwich*, 10 Mass. App. Ct. 599, 602-604 (1980).

The planning board acted beyond its authority, and the judgment entered in the Land Court rightly remanded the matter to the planning board for endorsement of the submitted ANR plan.

*Judgment affirmed.*