Borenstein, J.
Introduction
The defendants have obtained a sewer extension permit (Bellingham-BRPWP13-W030014, hereinafter “the permit”), issued by the Town of Bellingham and the Massachusetts Department of Environmental Protection, allowing the defendants to connect to a municipal sewer line constructed by the plaintiff. The defendants have notified the plaintiff of their plans pursuant to the Judgment of the Land Court in Civil Action No. 284233. The plaintiff filed this action seeking declaratoiyjudgment that 1) the plaintiff is the sole owner of the sewer line, and 2) the defendants may not connect to the sewer line. The plaintiff seeks an order enjoining the defendants from connecting to a municipal sewer system constructed by the plaintiff. The defendants have moved to dismiss. A hearing on these motions was held before me on May 13, 2004.
Discussion
The plaintiff contends that it is entitled to declaratory relief because the implementation of the work approved by the permit would infringe on the plaintiffs property interest in the sewer line. Much of the sewer line, including the proposed connection point, is on public land. Nevertheless, the plaintiff contends that since the pumping station serving the sewer line was built by the plaintiff and is on the plaintiffs private property, and since the plaintiff is responsible, under the Bellingham Sewer Use Regulations (the “sewer regulations”), for repair and maintenance of the sewer line during its first year of use, it therefore holds a property interest in the sewer line. The plaintiff further argues that the sewer line in question has not yet been accepted for use by Bellingham, and is therefore a “private pipe.” See Abbott v. Board of Water and Sewer Commissioners of Hopkinton, 40 Mass.App.Ct. 495 (1996) (Court denied connection to a sewer which the Court found to be a “pipe installed by a private developer without benefit of municipal approval”).
The plaintiff offers no evidence that the Town of Bellingham, by the warranty requirement in its sewer regulations, intended to confer or reserve to the builder any property interest in the sewer line. That the plaintiff is responsible for repairs and maintenance for the first year of the sewer line’s operation is not enough for this court to infer a property right.
The plaintiffs sewer line has been accepted for use by the municipality and is therefore not a “private pipe.” In his affidavit Donald F. Dimartino, the Director of Public Works for the Town of Bellingham avers that his letter dated September 26, 2003, was intended to constitute acceptance of the sewer line for municipal use. Affidavit of Donald F. Dimartino, 14,15. The letter was addressed to the Bellingham Inspector of Buildings and indicates that copies were sent to the Town Administrator and “All Listed Builders.” It reads, in the relevant part:
I am pleased to report that . . . the High Ridge sewers are complete, tested, cleaned, and operational for routine transportation of wastewater from the home and properties in High Ridge Estates to the Bellingham public sewer system and then to the City of Woonsocket Wastewater Treatment facility.
On its face, the letter constitutes acceptance for use of the plaintiffs sewer line.
The plaintiff cannot claim “sole” ownership of, or any property interest in, a portion of a municipal sewer system that the Town has accepted for use. The defendants have established that the sewer line was so accepted. Since the plaintiff has failed to establish the existence of a property right that would be infringed by the defendants’ lawful connection to the municipal sewer line, they have failed to state a legal claim under which declaratory relief may be granted.
*743 Order
For the foregoing reasons, the plaintiffs Motion for Preliminary Injunction is DENIED, and the defendants’ Motion to Dismiss is ALLOWED.